# Bowen *against* Bowen.

In an action of ejectment by a purchaser at sheriff's sale to recover the property purchased, the defendant cannot avail himself of any informality in the judgment and executions under which it was sold; especially if he was also the defendant in the judgment.

A father devised a tract of land to his two sons, J. and D., at a certain price, which was to form a part of his estate and be divided between his other children, and appointed J. one of his said devisees to be his executor. One of the legatees brought an action for his legacy against J., as executor, but in the declaration charged him personally and obtained a judgment, issued an execution and levied upon the land devised as the estate of the testator, and sold it: in an action of ejectment by the purchaser, it was *held*, that he was entitled to recover that moiety of the land which was devised to J., but not the other.

ERROR to the Common Pleas of *Fayette* county.

This was an action of ejectment by Alfred Bowen and William

[Bowen v. Bowen.]

L. Johns against John Bowen and Isaac P. Sturges for 240 acres of land. The facts of the case are fully stated in the opinion.

*Veech* and *Dawson*, for the plaintiff in error, argued that the judgment upon which the land was sold was a personal judgment against the defendant, and not *de terris*. 4 *Serg. & Rawle* 213, 509; 12 *Ibid.* 98; 8 *Ibid.* 404; 17 *Ibid.* 298; 2 *Rawle* 185; 5 *Rawle* 137. The execution was issued against the defendant as executor, and the levy was made upon the estate of the testator, and it was advertised and sold as his estate. This would not confer any better title upon the purchaser than if the levy had been upon the estate of any third person.

*Austin* and *Howell*, contra, cited 1 *Sm. Laws* 383; 1 *P. R.* 112, 424; 2 *Watts* 209, 110; 5 *Rawle* 137; 13 *Serg. & Rawle* 14; 2 *Binn.* 298; 8 *Serg. & Rawle* 508; 1 *Peters* 273; 1 *Dall.* 481; 1 *Serg. & Rawle* 97; 2 *Rawle* 185.

The opinion of the Court was delivered by

Huston, J.—With some difficulty I have gathered the following statement of facts in this case. Samuel Bowen owned the land, and before his death had agreed to sell it to his sons, Davis Bowen and John Bowen, who had paid something on the purchase. In his will he devised one-half of the farm, including the mansion-house, to his widow during her life, and gave the whole farm to Davis and John Bowen, subject to her life, at the price of $2500, out of which was to be deducted what they had already paid and what they should be obliged to pay for his debts. The widow is dead. The whole proceeds of the estate were to be equally divided between his four sons and the children of a deceased son. John Bowen was the only executor who acted. Davis Bowen and John Bowen entered on the land and became liable to pay the price. I see nothing in the will to make the shares of the legatees a charge on the land. Davis Bowen and John Bowen made partition; this is conceded on all sides; but whether into equal parts does not appear; nor is it material in this case. It seems, also, that Davis Bowen settled with some of the heirs and released his right, as I understand it, to John Bowen's part, to some of the legatees, which the Judge calls a nullity. We have nothing to do with this, or with Davis Bowen's part of the tract, more than to say, that it is agreed he had sold it, that he was not sued, and no judgment or execution against him or his vendee, and there was nothing wrong in the court saying his part could not be sold—that the levy and sale was absolutely void as to that vendee and his land.

Samuel Bowen, the testator, made his will in 1822, and it was proved in that year. John Bowen, the executor, settled an account of his administration in 1824. In 1828, Abraham Bowen,

[Bowen v. Bowen.]

one of the legatees, sued John Bowen for his legatory part, and obtained a verdict and judgment in 1837 for $501.65. The declaration in this case, in the commencement, styles him John Bowen, executor of S. Bowen. It recites the will, in its material parts; states that John Bowen got possession of the real and personal estate more than sufficient to pay the debts and legacies; that though often requested, he has neglected and refused to pay, &c. Though not a model to be followed, in some of its parts, it is good after verdict. The charge is against John Bowen personally. The judgment has never been formally drawn up, but, as is usual in our courts, the word "judgment" is entered on the docket. If an improper execution issues on a judgment so entered, it may, on application to the court, be set aside, and plaintiff's judgment will be required to be drawn up according to law, so that the prothonotary will know in what form, and against what person to issue the execution. The executions, *fi. fa.*, levy, inquisitions, and *vend. exponas*, are not before us; but, it seems, from the argument of counsel, the sheriff was commanded to levy the debt and costs of the goods and lands of Samuel Bowen, deceased, in the hands of his executor; and even up to the sheriff's deed, the property is so called, and the levy and sale was on the whole tract devised to Davis and John Bowen. Let it be noticed, this is not a writ of error to bring up that judgment and execution. In this case we cannot reverse the proceedings in that cause; they were offered in evidence in deducing the title of the plaintiffs below, who had purchased at sheriff's sale. Now it is well settled that when a purchaser at sheriff's sale is compelled to bring ejectment to recover the property he has bought, the defendant cannot defend himself by objecting to the formality of the judgment and executions under which it was sold. And much more is this the case if the ejectment by the purchaser is brought against the same person who was defendant in the judgment, as is the case here. John Bowen could have taken a writ of error, and had that judgment reconsidered here, and the execution, at least, reversed. He did not do so. The *fi. fa.*, levy and inquisition were to January term 1838, and the deed acknowledged at January term 1839: during this year Bowen is not heard objecting. The *fi. fa.* was levied on, and the *venditioni exponas* purported to sell the part allotted to Davis Bowen, and now owned by Sturges, as well as the part of John Bowen. We do not know whether the silence of John Bowen proceeded from a willingness to have his debts paid by the sale of land not his own, or from ignorance or inattention. The objection made is, that the land of John Bowen could not be sold as the land of Samuel Bowen. I have said the writs are not before this court. The arguments of John's counsel proceed on the ground that the writ commanded the sheriff to levy on the lands of Samuel; but, on more minute examination, I find the Judge, after saying that the judgment was against John, says the writ was

[Bowen v. Bowen.]

correct, but the levy described the land as that of Samuel Bowen. Now it had been Samuel Bowen's, and was now, or one-half of it was, John Bowen's. Either way the Judge was right in saying the plaintiff could recover the part belonging to John Bowen. We do not say, if the land of A. is sold as the land of B., that the purchaser can recover and hold. But if, as in this case, John Bowen knew there was a judgment against him, an execution levied on his land on which he lived, and had, as he must have had, notice of the levy and inquisition and sale, and suffered the purchaser to pay a fair price, which was applied to pay his debt, he cannot, after all this notice, and these proceedings, without objection on his part, be heard to say to the purchaser ; " you have paid my debts, and I have got beside that $1000 of your money, yet I will keep the land on account of a blunder or informality in the words of the levy." The Judge was clearly right in saying, that as there was no suit against Davis Bowen or his vendee, Sturges, and no execution and no notice in law or fact to them, the sheriff's sale passed no title to their part.

Judgment affirmed.