1881.] OF PENNSYLVANIA. **413**

OCTOBER AND NOVEMBER TERM, 1881, No. 217.

## Wilson *versus* Hubbell.

1. In proceedings under the act of June 16th, 1836, by the purchaser at a sheriff's sale to recover possession of the land, the tenant in possession under a lease from the defendant in the judgment cannot set up an adverse title in himself.
2. He has nothing to do but give up his possession, and if he has a better title proceed upon it in another ejectment.

ERROR to the Court of Common Pleas of *Erie County*.

Proceedings under the act of June 16th, 1836, were commenced by James A. McCullough and M. V. Blare, committee of J. G. Hubbell, before an alderman, against John Wilson, to recover possession of one hundred and fifty acres of land in Greenfield township, Erie County, which land the plaintiff had purchased at sheriff's sale.

Upon affidavit of defendant, claiming to own the one undivided half of the lands, and recognizance being filed, the alderman certified the case to the Court of Common Pleas. The plaintiff filed a narr in ejectment, and the defendant pleaded not guilty. Harriet Hubbell was afterward substituted as plaintiff of record.

Upon the trial in the Court below, before GALBRAITH, P. J., the counsel for plaintiff offered in evidence the record of a judgment of R. C. Robertson & Co., to the use of Jabez G. Hubbell, against J. M. Brown, entered March 19th, 1874, for $148.88, and a *fi. fa.* issued thereon to February Term, 1879.

Also a deed from the sheriff of Erie County to Jabez G. Hubbell for the land in controversy, sold as the property of J. M. Brown, under the above *fi. fa.*, for $600, which deed was acknowledged February 6th, 1879.

Also notice served upon John Wilson, the person in possession, on April 7th, 1879, requiring him to vacate within three months, and proceedings before a justice of the peace to recover possession.

Also a lease from James M. Brown, the defendant in the above judgment, to John Wilson, the defendant in the present suit, dated March 16th, 1875, for the term of five years, at the rent of $125 per year for the land in question. It was admitted that Jabez G. Hubbell died since the commencement of the suit, and that by divers conveyances and under his will his rights had devolved upon his wife, the plaintiff.

The plaintiff then rested.

Counsel for defendant then showed title in William Wilson, and his death, intestate, November 8th, 1846, leaving two

[Wilson *v.* Hubbell.]

sons, James and John. He further showed that John Wilson died intestate and left surviving him three sons, James H. Wilson, Thomas S. Wilson, and John Wilson.

He then offered in evidence a deed, dated February 5th, 1879, from James. H. Wilson *et ux.*, Thomas Wilson, and John Wilson *et ux.*, to John Wilson, the defendant, and Nancy Brown, his sister, for " one hundred and fifty acres of land, more or less, known as the old William Wilson· farm ; the interest hereby conveyed is the undivided half of the said farm, descended from William Wilson to his sons John and James Wilson, and the said undivided half interest hereby conveyed, descended to the vendors from their said father, John Wilson." This deed was acknowledged February 15th and 19th, and August 14th, 1879.

The offer was objected to, and the evidence was rejected under exception, the Court saying: "The insurmountable obstacle in the way of the defendant's claim is the settled rule that a tenant may not dispute his landlord's title."

The Court charged the jury as follows :

" The main question in this case, as you will have apprehended from what has occurred in your hearing, is a question of law. That question has been determined by the Court, on the offer and rejection of evidence, and if there is error in our view of the law, the defendant has his ample remedy by a review in the Supreme Court. The only question for you is the question of the amount of damages you will assess for the detention of this place. That is entirely a question of fact. You have heard the evidence. The witnesses range from a hundred dollars to a hundred and twenty-five dollars, and you can judge of that as well as I can, or better, and it is your province entirely to settle that question.

" Your verdict, then, will be for the plaintiff, assessing the damages at such sum as you deem proper under the evidence to fix. That is, you will find for the plaintiff and assess the damages."

Counsel for defendant excepted to the charge. April 5th, 1881, verdict for the plaintiff for the land and $200, upon which judgment was subsequently entered.

Defendant then took a writ of error, assigning as errors the rejection of the evidence as above, and the charge of the Court.

*Benson* and *Brainerd* for plaintiff in error.

The question and relation of landlord and tenant does not and cannot arise in this case. The purchaser at sheriff's sale bought in hostility to both the defendant in the execution

[Wilson v. Hubbell.]

and the tenant.   He purchased an interest in the land—
what title the defendant in the execution had, if any, and
nothing more; he took free from all leases made after the
incumbrance commenced.   In this case he could not have
purchased more than an undivided half of the land, for J.
M. Brown, if he had any title, could not have had more
than an undivided half, and it don't appear in evidence that
he had any title whatever.

In these proceedings the defendant may give in evidence
any title that he set up in his affidavit: Walker v. Bush, 6
Casey, 352; Brownfield v. Braddee, 9 Watts, 149; Dean v.
Connelly, 6 Barr, 239.

*G. A. Allen* and *L. Rosenweig* for defendant in error.

A tenant is estopped from setting up against his landlord
an adverse title acquired during the term: Cooper v. Smith,
8 Watts, 536; Jackson v. Harder, 4 Johns, 292; Jackson v.
Whitford, 2 Caines Rep., 215; Brant v. Livermore, 10 Johns.,
358; Balls v. Westwood, 2 Camp, 12; Jackson v. Hinman,
10 Johns Rep., 292; Jackson v. McLeod, 12 Johns., 182;
Dimond v. Enoch, 1 Addison, 356; Galloway v. Ogle, 2 Binn.,
468; Cooper v. Smith, 8 Watts, 536; Eister v. Paul, 54
Penna. St., 196; Morey v. Rogers, 8 Phila., 297; Caffery v.
McFarland, 1st Phila., 555.

To enable a tenant to contest his landlord's title there
must be first a *bona fide* surrender of the possession: Graham
v. Moore, 4 S. & R., 467; Boyer v. Smith, 3 Watts, 449.

The purchaser at sheriff's sale bought the title and right
of possession of J. M. Brown, and while the action of eject-
ment is a possessory action, the act of Assembly of 1836 to
enable the sheriff's vendee to recover possession is peculiarly a
possessory remedy.   The proceedings commenced before the
justice was to recover possession, and the proceedings in
Court are a continuation of the action commenced before the
justice.

OCTOBER 3D, 1881.—PER CURIAM: There is certainly no
point better settled than that a tenant cannot controvert the
title of his landlord, or defend the possession against him
or any one claiming title under him.   The purchaser at the
sheriff's sale succeeds to all the title and rights of the defend-
ant in the judgment under which the premises were sold.
A lease was produced from Brown, the defendant in the
judgment, to John Wilson, against whom the proceed-
ings were instituted.   He had nothing to do but give up his
possession, and if he had a better title than Brown proceed
upon it in another ejectment.

Judgment affirmed.