# Florence I. Gibson's Appeal. ·

1. The acceptance by a party in interest of the amount awarded to him by a decree is a waiver of his right to appeal from that decree.

2. Testator devised and bequeathed his residuary estate to trustees in trust to pay the net income thereof in equal third parts, one third to his wife for her life, one third to his son for his life, and one third to his daughter for her life. No disposition was made of the estate in remainder. The widow elected to take under the intestate law. After her death and after the death of testator's son, the Orphans' Court, upon the election of the daughter that the trust should be determined, awarded distribution of the corpus of personalty equally between the daughter

[Gibson's Appeal.]

and the administrator of her deceased brother. The daughter appealed from the decree on the ground that she was entitled to the entire corpus. *Held,* that the decree was right.

January 6th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county:* Of January Term, 1884, No. 208.

This was an appeal by Mrs. Florence I. Gibson, from a decree of said court dismissing exceptions filed by her to the adjudication of the auditing judge, in the matter of the distribution of the estate of John Y. Clark, deceased.

Upon the audit it appeared that the testator by his will devised and bequeathed his residuary estate to trustees, in trust to pay over the net income thereof, one third to his wife for her life, in lieu of dower, one third to his son Henry E. Clark for his life, and one third to his daughter Florence I. Clark, for her life. No disposition was made of the estate in remainder. Testator's widow declined to take under the will, and her share of said residuary estate under the intestate law was distributed and set apart to her, and the rest continued in the hands of the trustees. Testator's son, Henry E. Clark, died August 9th, 1870, intestate, unmarried, and without issue, and letters of administration were granted upon his estate. Testator's widow died July 25th, 1880.

Upon the filing by the trustee, in April, 1882, of an annual account, which contained also a schedule of the property comprising the corpus of the estate, testator's daughter, Mrs. Florence I. Gibson (her husband concurring), elected and requested to terminate said trust, which the court decreed and directed distribution of so much of the corpus as consisted of personalty between her and the administrator of her deceased brother, in equal shares, according to a schedule of distribution agreed on by their respective counsel: (See 39 Leg. Int., 272).

A full account of the principal of the trust estate was afterwards filed, upon the audit of which the auditing judge, by consent of all parties, ignored the distribution of the personalty previously made, as above stated, and made another distribution of it on the same principles, namely, one half to Mrs. Florence I. Gibson, and the other half to the administrator of her deceased brother, Henry E. Clark.

Mrs. Florence I. Gibson filed exceptions to this adjudication, on the ground that the court erred in awarding any part of the estate to the administrator of Henry E. Clark, and in not awarding the entire corpus of the personal estate to her, absolutely.

The court dismissed the exceptions and confirmed the adjudication, ASHMAN, J., saying in an opinion filed:

" The testator made no disposition of his residuary estate, but his intestacy as to this portion, it is contended, must be held to date only from the death of the son, in which event the daughter, who by reason of the widow's death is the sole survivor, will take the entire personalty. The only merit of this position is its originality. No principle of law and no adjudged case were cited to support it, and none could be. The testator left the residue of his estate to the operation of the intestate laws, and under those laws the rights of his next of kin attached at the moment of his death."

The exceptant, Mrs. Florence I. Gibson, took this appeal, assigning for error the decree dismissing her exceptions and confirming the adjudication.

At the argument the appellee moved to quash the appeal, on the ground that immediately after the entering of the final decree appealed from, the appellant, acting by her attorney in fact (her husband), appointed by letter of attorney duly acknowledged and recorded, accepted and received from the executors of said trustee (he having died), the full share of said estate awarded to her by said decree ; and further that said executors had at the same time paid over, in accordance with said decree, to the administrator of Henry E. Clark deceased, the full amount and share of estate awarded to him, and that no part of said estate remained in the hands of said executors. An affidavit was produced to the court, setting forth the above facts, to which was appended the receipts for the payments referred to therein.

*Geo. Bull*, for the appellant.—The trust became voidable upon the death of Henry E. Clark, at the option of the remaining right heir of the testator ; in other words, the Act of June 14th, 1836, § 30, gave her the right to invoke the discretion of the court to vacate the trust, she being the only person in interest. Practically this was what the court did in a former distribution, and awarded the whole of the *income* to Florence I. Gibson. When it came to a division of the corpus a different rule was applied, and one third of the personalty was sent where the testator never intended it should go, to the administrator (or in plain terms to the creditors), of Henry E. Clark.

What did John Y. Clark mean in this will? His will is as absolute a conveyance of his estate to his trustees as though it had been a deed in fee simple duly recorded. No one will deny that where words of inheritance are used the right would vest at the death of the testator, or any limitation that would

carry the corpus of the trust estate to some certain point beyond the strict terms and uses of the trust. But here there is nothing of the kind to be found. Neither Henry E. Clark nor his heirs acquired any interest in or right to the corpus of the estate, real or personal. He could acquire no interest until the estate became intestate. This could not take place until the trust is formally vacated according to law: McMullin *v.* McMullin, 8 Watts 236; Bowditch *v.* Andrew, 8 Allen 340; Smith *v.* Harrington, 4 Id. 566; Culbertson's Appeal, 26 P. F. S. 148; Koenig's Appeal, 7 Id. 355; Perry on Trusts, § 920, par. 2.

*Rudolph M. Schick,* for the appellee.

The opinion of the court was filed January 26th, 1885.

PER CURIAM. We think the remainder was vested in the heirs. The decree is therefore right on the merits. Inasmuch, however, as the appellant accepted the sum awarded to her she waived her right to appeal: Marten's Appeal, 13 W. N. C. 289. Rightfully assuming that she was satisfied with the decree, the executors paid over the residue to the persons to whom it was decreed. Therefore, having no right to appeal,

Appeal quashed.