# Schuldt, Appellant, *v.* Reading Trust Co. et al.

*Wills—Construction—Gift for support of donee and family or children—Vesting of estate—Trusts and trustees—Implication of fee from gift of income—Ejectment.*

1. Usually such words as "for the support of the donee and his family" or "for the support of the donee and her children," and similar expressions, are regarded as merely explanatory of the object of the devise, not as vesting any interest in the members of the family or the children.

2. Where a testator gives the net income from certain real estate to a trustee for his son "for the support of himself, wife and children," the trust terminates with the death of the son.

3. In such case the gift of the net income of the real estate was not a gift to the son of the real estate. The gift to the son was an equitable life estate.

4. Ordinarily to warrant the implication of a fee from a devise of income, there must be a gift of the gross income.

5. Where testator gives the net income from real estate in trust for the support of his son and the son's wife and children, and the son devises all his estate to the wife, and it appears that at the son's death the only other heir of the original testator was a daughter, and the son's wife brings ejectment for the real estate, she is entitled to judgment for one-half thereof.

6. A plaintiff in ejectment who claims an entire property but proves his right to a moiety only, may recover the undivided interest to which he is actually entitled.

*Appeals—Judgment n. o. v.—Power of appellate court to enter judgment warranted by evidence.*

7. Where in ejectment the jury renders a directed verdict for plaintiff, on which the court erroneously enters judgment n. o. v. generally for defendant, the appellate court may in reversing the judgment enter judgment for an undivided half interest in the land for plaintiff, if it appears plaintiff is so entitled in law.

Argued January 23, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 20, Jan. T., 1928, by plaintiff, from judgment of C. P. Berks Co., Feb. T., 1926, No. 94, for defendants n. o. v., in case of Christina Schuldt v. Reading Trust Co. and Agnes L. Woomer, by the Penna. Trust Co., guardian. Reversed.

Ejectment for land in City of Reading. Before Stevens, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment was entered for defendants n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Joseph R. Dickinson,* for appellant.—A devise of the income unlimited as to time with no remainder over carries the fee: Beilstein v. Beilstein, 194 Pa. 152.

An estate given to a trustee endures no longer than the thing to be secured by the trust demands: Coover's App., 74 Pa. 142: Kuntzleman's Est., 136 Pa. 143.

There can be a trust following an absolute estate: Schuldt v. Trust Co., 270 Pa. 360; Cassidy's Est. 224 Pa. 199; Pattin v. Scott, 270 Pa. 49; Rodgers v. Rodgers, 7 Watts, 15.

*Cyrus G. Derr,* for appellees.—The court below properly decided that Edward Schuldt, appellant's husband, under whom she claims, did not, by the will of Frederick Schuldt, his father, acquire a fee-simple estate in the property in question, and that appellant was, therefore, not entitled to the possession thereof: Schuldt v. Trust Co., 270 Pa. 360.

The language of the provision establishing the active trust for Edward simply created the trust and could not by any construction be regarded as going beyond that.

There is no language anywhere in the will competent to carry the fee simple of the property in question, wherefore Frederick died intestate as to it.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 12, 1928:

Frederick Schuldt died March 25, 1894, testate; his will provided, inter alia, "I give and bequeath to my son Edward Schuldt the income of [certain real estate] and I hereby direct the Reading Trust Company to take charge of these houses, collect the rents, keep them in repair, pay the taxes, and pay the balance of the income therefrom, in monthly payments, to my son Edward for the support of himself, wife and children." Edward died October 8, 1925, testate; he devised all of his estate to his wife, Christina Schuldt, who, claiming that her late husband owned a fee in the real estate in controversy, brought the present action in ejectment against the Reading Trust Company, which, under the will of the original testator, Frederick Schuldt, held possession of the properties.  Afterward, before plea filed, Agnes L. Woomer, a weak-minded person, intervened by her guardian, the Pennsylvania Trust Company, as a defendant, she being a sister of Edward Schuldt and claiming an interest in the properties as an heir of Frederick Schuldt.  Her claim rested on the theory that Edward had only a life estate and that the will of Frederick, which created this life estate, made no disposition of the reversion; therefore, aside from this life estate, Frederick died intestate as to the property in controversy.  Upon instruction from the trial judge, the jury found in favor of plaintiff, but judgment was entered "for defendant," non obstante veredicto, without, however, specifying which defendant.  The court below held that, since plaintiff had failed to show a fee in Edward for the entire estate claimed by her under his will, she had not sustained her case, and, accordingly, judgment should be given against her gen-

erally. This judgment is now before us for review and the question is, Does it present a proper disposition of the case on the established facts?

Frederick Schuldt left as his heirs the above-named two children, Edward Schuldt and Agnes L. Woomer, and a grandchild, the daughter of a child who had predeceased him. This grandchild subsequently died, unmarried and without issue, so that the other two thereupon became the sole heirs of their father. Agnes L. Woomer has died since the trial of this case, and the devisees under her will, Thomas Woodward Brown, Edna Josephine Gery, Raymond E. Brown, and Mildred E. Bloch, were, by agreement filed of record after the present appeal, substituted in her place as parties defendant and appellees.

In Schuldt v. Reading Trust Co., 270 Pa. 360, we held that the provisions of the will above quoted created an active trust at least for the life of Edward, but we did not specifically decide whether or not Edward had an equitable fee subject to that trust, whether his wife and children had any interest in the trust, or when the trust would end. The death of Edward has placed all of these questions at issue; and the first point that must be disposed of is the duration of the active trust, that is, whether the words of his father's will, "and pay ......to my son Edward for the support of himself, wife and children," continue the trust in favor of the wife and children. If the trust still exists, plaintiff, the widow of Edward, and her children are beneficiaries of the income from the properties in dispute, but she would have no present right to possession and could not maintain an action of ejectment any more than could Edward in his lifetime: Schuldt v. Reading T. Co., supra. If, on the other hand, the last words above quoted are to be taken as a mere explanation of the testator's purpose in making the gift to Edward, then the trust ended at the latter's death. Usually the words, "for the support of [the donee] and his family," or "for

the support of the donee and her children," and similar expressions, are regarded as merely explanatory of the object of the devise, not as vesting any interest in the members of the family or the children: Paisley's Appeal, 70 Pa. 153, 158; Cox v. Rogers, 77 Pa. 160, 165; Cressler's Est., 161 Pa. 427, 429, 432, 433, 440; see also Mazurie's Est., 132 Pa. 157, 163. This is the effect which must be given to the words in the will now under consideration, and we therefore conclude that the active trust came to an end at the death of Edward. It may be added that all parties to this action assume the conclusion just stated to be true; the question is, In whom and in what proportions has the title to the premises in controversy vested?

Plaintiff alleges that the meaning and intention of the will of Frederick Schuldt was to give Edward a fee simple estate in the lands in dispute, subject to the control of the Reading Trust Company during his life; that upon his death, this control or trust came to an end, and the properties passed under his will to plaintiff. She bases her claim of a fee in Edward on the contention that the gift of the income of the properties to him was, in effect, a gift of the properties themselves. When the will of Frederick Schuldt was before us in Schuldt v. Reading Trust Co., supra, pp. 363, 364, where the same contention was made by Edward, we said what it is now appropriate to repeat: "The trouble with plaintiff's position is that it fails to take into consideration the language of the gift as a whole; [she] would separate the devise into two parts and discard the second one, whereas each portion of the expression of an entire testamentary idea must be read in connection with its context, in order to ascertain the real intent of the testator (Boies's Est., 177 Pa. 190, 194-5; Kreb's Est., 184 Pa. 222; Cooper's Est., 150 Pa. 576, 583-4), 'especially is this so when, as in the present case, the prior gift is made in words which in themselves only raise a presumption of a fee': Sheets's Est., 52

Pa. 257, 263-4......Ordinarily, to warrant the implication of a fee from a devise of income, there must be 'a gift......of the gross rents' (Deniston v. Deniston, 263 Pa. 224, 229)"; here the only gift is of the net rents.

Paisley's Appeal, 70 Pa. 153, is much like the present case in several respects. The devise was to testator's wife during life, of the rents and profits of certain property, for her support and the support and education of her children, "under the direction of" testator's executors. We held (1) that the children of donee had no vested interest; (2) that, aside from the life estate given to his wife, the testator died intestate as to the property in question; and (3) that testator's children, as his heirs under the intestate law, would come into enjoyment of the property on the death of their mother, the life tenant.

When the present will was previously before us, we were not called upon to, and did not, decide whether Edward had a mere life estate or a transmissible fee impressed with a trust during the period of the life of the holder, but the language there used, quoted above, strongly intimates that, in our opinion, he possessed no more than a life estate. Now, on our former reasoning, we hold that Edward was not given a fee by the will of Frederick Schuldt; his interest thereunder was an equitable life estate, and, aside from the creation of that estate and the trust to support it, so far as the property here involved is concerned, Frederick Schuldt died intestate. In other words, the will of Frederick made no disposition of the property in controversy after the death of Edward, and that event, which occurred in 1925, brought the latter's life interest and the trust in the hands of the Reading Trust Company upon which it rested, to an end, resulting in an intestacy, which relates back to the time of Frederick's death: Gorgas's Est., 248 Pa. 343, 344; Neel's Est., 252 Pa. 394, 414; see also Gibson's App., 108 Pa. 244, 246.

In 1894, when Frederick departed this life, those entitled under the law to share the property as to which he died intestate, were his two children, Edward and Agnes, and the grandchild who stood in the place of his deceased son. Of these three, as already told, the grandchild died without issue and unmarried, before either one of the other two heirs. When the latter died, plaintiff, under their respective wills, became seized of the ultimate interest possessed by Edward, and the four substituted defendants of that possessed by his sister. Thus we see that, while plaintiff does not have the right to recover the entire estate for which she sued, yet she is entitled to an undivided half thereof in fee; the court below should have given judgment accordingly, instead of entering it for defendant n. o. v.

It is established law in Pennsylvania that a plaintiff in ejectment who claims an entire property but proves his right to a moiety only, may recover the undivided interest to which he is actually entitled (Bachop v. Critchlow, 142 Pa. 518, 527; Mobley v. Bruner, 59 Pa. 481, 484), and the plaintiff in this case has that right, which should have been given her.

Since the Act of April 22, 1905, P. L. 286, we have the power, on appeal from a judgment non obstante veredicto, to "review the action of the court below and enter such judgment as shall be warranted by the evidence taken in that court." The evidence here consists entirely of matters of record and concessions of fact made by counsel, hence the case was one for binding instructions; but the trial judge erred in charging generally for plaintiff, and, after the jury so rendered its verdict, the court below erred in entering judgment generally for defendant. We can, however, dispose of the case as the court below should have done on the rule for judgment n. o. v.; and this we shall do.

The judgment entered by the court below is reversed and judgment is here entered in favor of plaintiff for an undivided half interest in the land claimed by her.