## McMahon, Receiver, v. Taylor

*E. P. Little* and *Delaney & Delaney*, for petitioners.

*L. A. Fine* and *E. L. Davies*, contra.

SMITH, P. J., July 27, 1936.—The proceedings were instituted under the Act of April 20, 1905, P. L. 239, by a purchaser of real estate at a sheriff's sale to dispossess the party in possession.

A petition, in proper form, was filed on June 1, 1936, reciting the sheriff's sale on a judgment and execution against the defendant, the purchase by the plaintiff, the

delivery of the deed, the giving of notice to the defendant, as required by the act, to vacate and deliver possession of the lands described in the petition, to the plaintiff, and the defendant's omission and refusal to comply.

On the same day a citation issued, returnable the first Monday of July 1936, at 10 a.m., and was returned by the sheriff as legally served personally on the defendant on June 4, 1936. No answer has been filed by the defendant, but, on July 6, 1936, Taylor Manning, Marguerite M. Swanson, and Belva L. McNamara filed a petition claiming title to the said real estate as tenants in common with the present defendant, by descent, under the Intestate Act, from Josiah Taylor, the father of the defendant and the former owner of the real estate. They asked leave to intervene in these proceedings and defend pro interesse suo as proper parties "interveners", under paragraph 3 of the Act of 1905. On the same day a rule was granted to show cause why such intervention should not be granted, returnable July 5, 1936, at 10 a.m.

While no formal motion or petition to dismiss the citation has been filed, it was contended at the argument that the court should dismiss it for the reason that the Act of 1905 does not apply to a purchaser of an undivided interest but only to the purchaser of the interest of an owner in fee of the entire property. The question so raised affects our decision on the rule to intervene.

As authority to support their contention the learned attorneys cite the decision of Frazer, P. J., in Hershberger v. Hershberger, 23 Dist. R. 869. There the proceedings were like those at bar and, upon a hearing before the court on an answer filed, it was alleged and found as a fact that the party in possession, the defendant, as whose the real estate was sold by the sheriff and purchased by the petitioner for the citation, was the owner of only an undivided one-third interest therein. The court decided that the "petitioner is not entitled to the summary remedy provided by the act", saying further: "A reference to the entire act indicates that it was intended to apply only

to cases where the purchaser acquired the whole property and not merely an undivided interest therein". It cited no authorities in support of this position.

We are not favorably impressed with this ruling, and after exhaustive research are convinced of its error. We agree with the court in Hennegan v. Williams et ux., 4 W. N. C. 458, where the facts as to the undivided interest of the defendant were identical with those in Hershberger v. Hershberger, supra, but in which the court sustained the citation. That case involved the Act of June 16, 1836, P. L. 755, sec. 105, then in force, but its provisions as to procedure are, for our present purposes, so in pari materia with the Act of 1905 that the decision is applicable to the later statute. The only substantial difference between the acts is that stated by the Supreme Court in Lancaster Trust Co. v. Long, 220 Pa. 499, 501, that the Act of 1836 provided for initiating the proceedings for possession before a magistrate or justice of the peace and did not reach a court of record except when removed by certiorari or appeal, while the Act of 1905 gives the common pleas original jurisdiction, with all subsequent proceedings therein, including final decree.

As said by the court, it "manifestly intended to provide a new and more effective method to obtain possession of real estate purchased at a judicial sale. . . . The later act does not, however, affect or alter the defenses that may be set up by the person in possession."

One of such defenses is that we are now considering: the denial to the purchaser of an undivided interest in real estate of the right to proceed for possession. We are of the opinion that the court in Hennegan v. Williams et ux., supra, was correct when it stated, per curiam, speaking of the defendant in possession:

". . . she was in possession as one of his heirs, and therefore liable to be removed by the purchaser at Orphans' Court sale, in the same manner as a defendant whose property has been sold at sheriff's sale, in a proceeding against him by the purchaser."

Such summary proceedings are not decisive as to title, as it may be attacked by ejectment, which is not barred thereby: Pullen v. Rianhard, 1 Whart. 514; Wilson v. Hubbell, 1 Pennyp. 413; Bartolet v. Saylor, 8 Sadler 570 (Pa.), 12 Atl. 854. In construing such proceedings under the Act of April 6, 1802, 3 Sm. L. 530, in Pullen v. Rianhard, supra, the court says:

"It is therefore fairly inferrible that the only question submitted to the decision of the arbitrators, was, whether agreeably to the provisions of the act, the plaintiff in the proceeding, commenced by him under it, was entitled, he having the sheriff's deed for it, duly acknowledged in, and certified under the seal of the proper court, to recover the possession . . . the great object for passing it, was to put the purchaser at sheriff's sale, in possession of the land bought by him, without any unreasonable delay; and that too, whether the sale was valid or not, so he had a deed for it, acknowledged and certified as mentioned above".

Nevertheless, such proceedings, and those under the Act of 1905, are not strictly in ejectment; we might properly term them as effecting a summary or quasi ejectment to recover possession merely of land. This leads us naturally to decisions in ejectment cases where the defendant is holder of only an undivided interest in the land and not of the whole property. Bowen v. Bowen, 6 W. & S. 504, held that such an action will lie for a moiety of land, i.e., the share of an heir. The holder of an integral part of the legal title may maintain ejectment to enforce his title against any one denying it, though he be a holder in common of an undivided interest: Myers et al. v. Pringle et al., 3 Lack. L. N. 130. And Bachop v. Critchlow, 142 Pa. 518, decides that, in an action of ejectment brought to recover the whole of a specified tract of land, "recovery may be had for an undivided part thereof, if the plaintiff's proofs, failing to establish a title in him to the whole of the land sought to be recovered, show that he is invested

with title to an undivided interest therein". This is re-affirmed in Schuldt v. Reading Trust Co. et al., 292 Pa. 327, 333.

These conclusions naturally follow from the status of a tenant in common as to his possession:

"Tenants in common are such as hold by several and distinct titles, but by unity of possession; because none knoweth his own severalty, and therefore they all occupy promiscuously. The qualities of their estate may be different, the shares may be unequal; the modes of acquisition of title may be unlike; and the only unity between them be that of possession. Each is entitled before severance to an interest in every inch of the soil . . . each being entitled to occupy the whole in common with the others": 38 Cyc. 4. In Pennsylvania, unity of possession by tenants in common is their only unity: Bush et al. v. Gamble et al., 127 Pa. 43.

In ejectment, the plaintiff must recover upon the strength of his own title. If no title is shown in the plaintiff, or none that is superior to the defendant's, he cannot recover. This is a principle too well established to necessitate citations. See 3 Vale, cols. 6954, 6955. In the present proceedings, the plaintiff need only prove his right to possession, and for this, as we have observed from Pullen v. Rianhard, supra, only the acknowledged and certified sheriff's deed to him is necessary, regardless of the validity of the title. See also Hale v. Henrie, 2 Watts 143, 147, and Kimball v. Kelsey, 1 Pa. 183.

It is thus apparent that the petitioners' tenancy in common with the defendant in these proceedings, and his possession as their agent, does not entitle them to intervene, and we must discharge their rule to show cause.

The defendant, Hurley C. Taylor, has filed no answer to the plaintiff's petition and is therefore subject to a decree pro confesso against him for possession, as provided by section 7 of the Act of 1905. His omission to answer implies his admission of the truth of the petitioners' allegations.

## Decree

And now, to wit, July 27, 1936, the rule granted on July 6, 1936, to show cause why Belva L. McNamara, Taylor Manning and Margaret M. Swanson should not be allowed to intervene as respondents is discharged. The petition for citation is taken as confessed by and against Hurley C. Taylor, the defendant in possession of the land described in the petition for citation, and he is directed to vacate possession of the same and deliver up such possession to the plaintiff in these proceedings, Joseph P. McMahon, receiver of the Farmers & Miners National Bank of Forest City, Pa. Exceptions are noted for the petitioners to the intervention and for the defendant Hurley C. Taylor.

From Gerritt E. Gardner, Montrose.