## APPEAL OF DAVID A. KLINE, EXECUTOR.

FROM THE COURT OF COMMON PLEAS OF UNION COUNTY.

Argued May 5, 1887—Decided October 3, 1887.

1. An unqualified gift of the income of land is to be taken as a gift of the land itself; but where the gift of the income is qualified by a direction to or a power in some one else to sell the land, the gift must be confined to the income alone.
2. A gift of one half of the net income of the testator's real estate to his widow, with a power to the executors in discharge of debts and legacies to apply the income of the real estate thereto, or, if that were impracticable or inadvisable, to sell such real estate as they might deem best for that purpose, charged the real estate with both debts and legacies, and the widow's interest was the one half of the net income of the real estate thus charged.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 270 January Term 1887, Sup. Ct.; court below, No. 1 September Term 1882, C. P. in equity.

In the court below a bill in equity was filed on June 4, 1882, by Julia A. Hagenbuch, widow of Peter Hagenbuch, deceased, against David A. Kline, Thomas W. and Samuel B. Hagenbuch, executors of the will of said deceased, for an account. Mr. Kline only was served.

Peter Hagenbuch died on February 17, 1875, leaving a will which was duly proven, dated January 11, 1875, the portions thereof relating to the provisions made for his widow being as follows:—

1. Out of my personal property I give and bequeath to my wife, Julia A., one horse and one buggy, to be selected by her from such as I may have at my decease; the remainder of the personal property, except so much as should be taken by my wife under the $300 widow's exemption law, shall be converted into money and be applied as far as the same may go towards the payment of my just debts.
2. I direct that my real estate shall not be sold until after

the decease of my wife, unless it may become necessary in the judgment of my executors to sell a portion thereof for the purpose of paying debts or legacies.

3. I hereby give, devise and bequeath unto my wife, Julia A., the one half of all the net income arising from my real estate during the full term of her natural life, and where real estate is converted into money, so that income ceases to be received from it as land, then one half of the interest arising from the proceeds of such lands is to be paid to my wife annually during the term of her natural life. I also direct that my said wife shall have the privilege of residing in my mansion house now occupied by me if she so desires, free of rent.

4. If my executors can arrange to pay the balance of my debts and the legacies herein bequeathed by applying the income of my real estate thereto, then I wish them to do so, but if this cannot be done, or in their judgment is not advisable, then I authorize and empower them to sell and convey by deed or deeds, by them executed, such of my real estate as they may deem it best to sell for said purposes.

6. I hereby give and bequeath to my wife, Julia A., the sum of four thousand dollars in cash, to be paid to her by my executors three years after my decease, without interest.

12. If after the payment of debts and legacies and the receipt by my wife of her portion of the income arising from real estate, funds should accumulate in the hands of my executors, then I direct that the said fund shall be divided by my said executors once in every two years among the following heirs, namely: Aaron Hagenbuch one share, Harry Hagenbuch one share, and the heirs of Chas. Achenbach one share.

15. I deem it right to bequeath to my wife, Julia A., the sum of four thousand dollars as hereinbefore given to her, because I received from her a considerable sum of money years ago, and this bequest is made in satisfaction thereof.—

The bill filed by the plaintiff set out a full copy of said will, and averred that the defendants were appointed and were duly qualified as executors thereof, the said David A. Kline being the acting executor and accountant; that the executors had received large sums of money belonging to the plaintiff which they had refused to pay over to her; that the estate of the decedent had consisted of a large amount of real estate, divided

into several parcels, and of some personal estate; that it be-
came necessary to sell portions of the real estate for the pay-
ment of debts; that the interest of the plaintiff was of such a
character that it could not be ascertained and fixed definitely
by a suit at law, and praying for an account. The answer
admitted the provisions of the will as averred; the sale of par-
cels of the real estate and the necessity therefor; denied that
the plaintiff was entitled to further payments than she had
already received, and claimed that the Orphans' Court had
sole jurisdiction over the respondent as executor, etc., and over
any fund which had come or might thereafter come into his
hands by virtue of his settlement of said estate, and that the
Court of Common Pleas had no jurisdiction in the premises.

Issue being joined the cause was referred to *Mr. Franklin
Bound*, as master, before whom the facts appeared: That at
the time of the decedent's death, in addition to about $3,000
of personal property, he was possessed of eight parcels of real
estate, all of which, except the mansion farm of 153 acres,
one half of the income from which had been received by the
plaintiff, had been sold by the executors; from which sales
$38,976.48 had been received, out of which receipts $30,348.29
had been applied to the payment of debts and the legacies be-
queathed in the will, and that accounts had been settled in the
Orphans' Court by the defendant as the executor, and he had
in his hands at the date of the hearing before the master a
balance for distribution of $1,747.79.

As conclusions of law the master found: That, upon the
decided cases holding that by a devise of the rents, profits and
income of land, the land itself passes: Anderson v. Greble, 1
Ash. 136; Carlyle v. Cannon, 3 R. 489; Miller v. Casselberry,
47 Pa. 376; McKeehan v. Wilson, 53 Pa. 74; Roberts's App.,
59 Pa. 70; Parker's App., 61 Pa. 478; Drusadow v. Wilde, 63
Pa. 170; France's Est., 75 Pa. 220; Hilsee's Est., 83 Pa. 312;
and the devise to the widow being in lieu of dower: Reed v.
Reed, 9 W. 263; Gheen's Exrs. v. Osborne, 17 S. & R. 173;
Thomas v. Simpson, 3 Pa. 70; Walker v. Dunshee, 38 Pa. 430;
Bard's Est., 58 Pa. 393; Earp's Will, 1 Pars. 453, the interest
of the plaintiff, the widow of the testator, was a life estate in
the one half of his real estate, and as such, under the terms of
the will she must be regarded as a devisee in lieu of dower as

to her rights to the one half of the income of the real estate, and in the relation of a purchaser her equities were superior. to those of all others. Further, that as there was no explicit and peremptory direction to sell any part of the real estate, and without such direction there was no conversion : Jones v. Caldwell, 97 Pa. 42 ; Lindley's App., 13 W. N. 65 ; Peterson's App., 88 Pa. 397 ; Anewalt's App., 42 Pa. 416 ; Hunt & Lehman's App., 105 Pa. 128 ; the interest of the widow in the realty as a devisee for value was unaffected by the sale of any portion of it, the fund produced by the sale still partaking of the nature of the realty ; and that the collateral heirs who were mere volunteers could have nothing until the creditors, legatees, and the widow had been paid. Also, that the plaintiff was not estopped or barred by the proceedings had in the Orphans' Court by the executor, from coming in upon the residuum of the estate of her husband for the purpose of obtaining her rights under the will ; and that, under the authority of Schreyer's Est., 7 Phila. 477 ; 2 Story Eq. J. 1071 ; McNickel v. Henry, 8 Phila. 88 ; Willard's App., 65 Pa. 265 ; Muncy Creek R. Co. v. Hill, 84 Pa. 459 ; Paul v. Paul, 36 Pa. 270 ; Vandyke's App., 60 Pa. 481, the master was of opinion that the Orphans' Court did not have jurisdiction· to make a decree declaring the rights of the widow under the will, and that she had adopted the proper course of proceeding in filing her bill in equity.

The master then stated an account between the widow and the executors, crediting her with what she was entitled to under the will and charging her with what she had received, leaving a balance due her of $8,785.21, for the payment of which he recommended a decree.

To this report various exceptions were filed by the defendant, and after argument the court, J. C. BUCHER, P. J., filed the following opinion :

The testator gives as follows by his last will :

1. To his wife a legacy of $4,000, payable three years after his decease ; and adds that he gives her this because he received from her a considerable sum of money many years ago, and this bequest is made in satisfaction thereof. So this we treat as a debt due to her.

2. To his wife half of all the net income arising from his

real estate, during the full term of her natural life, and provides that "when real estate is converted into money, so that income ceases to be received from it as land, the one half of the interest arising from the proceeds of land is to be paid to my wife annually, during the term of her natural life." He does not say as he might have said, that she is to receive one half of the interest on what remains after paying debts and legacies, but half of the proceeds, that is, what the sale of the real estate produces, she is to get the interest on one half. As a matter of mere interpretation, independently of the principles of law hereinafter invoked, and so ably cited and applied by the learned master, she would take the interest in the proceeds of real estate sold, not exceeding the one half, and if less than that remains after paying debts, etc., then in whatever sum does remain. All the other legatees are postponed, and the real loss falls on the residuary legatees, where the law casts it. But, when we invoke the well settled rule that a widow's allowance, accepted in lieu of dower, does not abate in any class of legacies, as shown by Reed v. Reed, 9 W. 262; Gheen's Exr. v. Osborne, 17 S. & R. 173; Thomas v. Simpson, 3 Pa. 70; Walker v. Dunshee, 38 Pa. 430; Bard's Estate, 58 Pa. 393; Duncan v. Alt, 3 P. & W. 382; and it is there held, "that every bequest to a wife is conditional by force of the statute, which declares that every legacy to her shall be in lieu of dower, if the contrary be not expressed, and thus standing, as if a surrender of her dower had been expressly provided by the testator, she is not a volunteer but a purchaser," because she has given her legal right of dower for it; and "where there is a deficiency of proceeds to pay all legacies charged upon it, the annuity of the widow shall not abate with the other bequests." The widow thus stands in a class superior to abatement, and only loses in favor of creditors.

Did the widow take a life estate in the realty? From the authorities cited by the master it is clear that she took an estate for life in the realty, by virtue of the devise of the rents and profits, that is, to the extent of one half. We add Van Rensselaer v. Dunkin's Exr., 24 Pa. 252. If it be said, that the testator intimates in his will that it may be necessary to sell real estate to pay his debts and legacies, the answer is, that, although the widow was thus forewarned, still the read-

ing of the will as already shown, gives to her the interest on half of the proceeds, in any event, so that she might well say that a sale did not affect her.

The objects of his bounty, after his wife, are Isabella Whatmore, $500; Emeline Fulkinson, $500; Benjamin Lenhart, the interest of $1,000; and after paying debts and legacies, if income still accumulates from products of real estate, this accumulation is to be divided by the executors as follows: Aaron Hagenbuch one share, Harry Hagenbuch one share, and heirs of Charles Achenbach one share; and after the death of his wife, the real estate to be sold and proceeds divided among collateral relations named in his will. The same principle involved here was applied in Gallaher's App., 87 Pa. 200, where a devisee of a house and lot was disappointed to the extent of one third, by the widow of the testator declining the provisions of the will, and thus breaking in upon the devisee with dower; yet the court so marshalled the assets as to make up the loss to the devisee; and if this was done in favor of a mere stranger devisee, a fortiori, must it be done in favor of a widow, who, relying on the provisions of her husband's will, surrendered her statutory rights and has been disappointed.

Did the will convert realty into personalty? Certainly not as to the widow during her life. The direction to sell to pay debts and legacies while the widow lives is not absolute and mandatory, but contingent and discretionary, namely, "if in their judgment it is not desirable to retain it, or the income will not pay debts and legacies," then "I authorize and empower them to sell and convey by deeds, etc." It is true the direction to sell is absolute on the death of the widow, but we are looking at the power of sale while she lives. Thus there was no conversion as to the widow.

The authorities cited by the master are conclusive as to the jurisdiction of the Common Pleas to determine the rights of a widow under a will, and the accounts settled by these executors in the Orphans' Court do not bind her; they being mere administration accounts, the interests of the widow were not involved. She could not have excepted to them, so long as there remained enough estate to fill up the measure of allowance given her in lieu of dower: Willard's Appeal, 65 Pa. 265. Besides, the plaintiff does not propose to interfere with those

decrees, except where the court through an auditor attempted to fix her rights or the sum on which she should draw interest. This decree or direction of the Orphans' Court has been shown to be wrong, and must be disregarded in this proceeding. . . .

Nothing remains, save to make a decree:

And now, September 20th, A. D. 1886, the exceptions are dismissed, and the report of the master is confirmed absolutely. It is further ordered and decreed that there is a balance due to the widow, Julia A. Hagenbuch, amounting to the sum of $8,785.21, and that the executors, David A. Kline, Thomas W. Hagenbuch and Samuel B. Hagenbuch (after deducting the costs of this proceeding as well as their commissions and counsel fees) apply to the payment of the above sum any accumulated funds that they may have in their hands belonging to the estate of Peter Hagenbuch deceased, and that they continue to apply all future accumulations of the residuum of the estate less their commissions and the one half of the net income due the widow under the terms of the will, to the payment of the same, until the widow, Julia A. Hagenbuch, has been full paid the amount due her and the costs of these proceedings.

The defendant thereupon took this appeal, assigning for error, inter alia, the construction given to the will of the deceased as to the character of the devise or bequest to the widow, the plaintiff, and her rights under the said will, and the want of jurisdiction in the Common Pleas.

*Mr. A. A. Leiser* (*Mr. Charles S. Wolfe* and *Mr. Alfred Hayes* with him), for the appellant:

1. The rule that a gift of the produce of a fund is a gift of the fund, and that a devise of the rents, issues and profits of land is equivalent to a devise of the land itself, is a question of intention; and if the nature of the subject or context of the will show that only the produce or interest and not the principal of the fund, or only the rents, issues and profits and not the land, is or are the subject of the gift, only the income will pass: Garret v. Rex, 6 W. 17; Sheaffer's App., 8 Pa. 40; Bentley v. Kauffman, 86 Pa. 101. The authorities cited by the master show that in those cases an interest in the whole of the rents, issues and profits of the land or thing to be enjoyed passed by the grant, bequest or devise; while in the present

case, every part of the will vests the estate in the lands in the executors as trustees.

2. The will shows a purpose to vest the entire estate in the executors, the personalty to be sold forthwith by them, and the control and management of the real estate committed to their care; and they were expressly charged with the duty of keeping it in good condition till sold, and authorized to sell and convey in fee simple at their discretion, and to distribute the income and proceeds under the directions of the will; and this plain intention must prevail: Hunt & Lehman's App., 105 Pa. 141; McKeehan v. Wilson, 53 Pa. 76; Thompson's App., 100 Pa. 481; Hendershot v. Shields, 2 Cent. R. 226; Page's Est., 75 Pa. 96; and as the widow takes by and under the will, she must take according to the will: Newman's App., 35 Pa. 347; Suplee's Est., 16 W. N. 378.

3. The jurisdiction was solely in the Orphans' Court: § 59, act of February 24, 1834, P. L. 84; § 13, act of March 21, 1806, 4 Sm. L. 332; Mohler's App., 8 Pa. 29; Downer v. Downer, 9 W. 60; Sheaffer's App., 8 Pa. 44; Strickler v. Sheaffer, 5 Pa. 240; Reed v. Reed, 5 Pa. 241; Downer v. Downer, 9 Pa. 303; Swoope's App., 27 Pa. 61; Hart v. Homilier, 20 Pa. 252; Breden v. Gilliland, 67 Pa. 38; Pierce v. Livingston, 80 Pa. 101; Craven v. Bleakney, 9 W. 19; Mussleman's App., 65 Pa. 485; and not in the Common Pleas; § 15, act of June 14, 1836, P. L. 632; Innes's Est., 4 Wh. 184; Brown's App., 12 Pa. 337; Seibert's App., 19 Pa. 53; Wapple's App., 74 Pa. 104; Dime S. & L. Co. v. Vincent, 14 W. N. 322.

*Mr. A. H. Dill* and *Mr. P. L. Hackenberg* (*Mr. E. M. Beale*, and *Mr. W. H. Hackenberg* with them), for the appellee:

1. In no sense is the provision for the widow a "legacy;" in the words of the will it is a "devise," pure and simple, and being a devise of the rents, issues and profits, it is a devise of the land itself:—in addition to the cases cited by the master and the court below: McCullough's App., 12 Pa. 197.

2. Conversion is always a question of intention, and conversion as to the widow is gainsaid in almost every line of the will. To convert real estate into personalty, the direction must be positive and explicit, and does not result merely from a power of sale: Edwards's App., 47 Pa. 144; Bleight v. Bank,

10 Pa. 132; Chew v. Nicklin, 45 Pa. 87; Large's App., 54 Pa. 385.

3. The gift to the widow being a devise, she takes as a purchaser, is preferred to mere beneficiaries, and her devise will not abate with such legatees: Borden v. Jenks, 1 N. Eng. R. 706; Emery v. Bachelder, 2 N. Eng. R. 70.

4. And when it is shown that the provision for the widow is a devise and not a legacy, it is also shown that the Orphans' Court has no jurisdiction: McCullough's App., 12 Pa. 198. Equity has jurisdiction to establish a right under a will and to compel performance: Hall's App., 112 Pa. 42; Willard's App., 65 Pa. 265; Adam's App., 113 Pa. 449.

OPINION, MR. CHIEF JUSTICE GORDON:

Whatever of estate Julia A. Hagenbuch took in the property of her husband, she took under his will, and she is, therefore, bound by a proper interpretation thereof and by the intention of the testator as therein expressed. We must, then, look to that will to discover the rights of the parties litigant; to the intention of the testator, and not merely to the technical effect of the expressions of which he may have made use. Keeping this rule in view we think the matter before us is not difficult of solution.

By his will Peter Hagenbuch gave to his wife, Julia A., one half of the net income arising from the one half of his real estate for the full term of her natural life, and should that realty be converted into money and thereby the income from the lands themselves cease, she was to receive the one half of the interest of the proceeds arising from the sale of the said lands. From this it is obvious that the intention was not a gift of a life estate in one half of the realty as such, but rather in the one half of the net income or interest of the proceeds after sale; that is, the income or interest thereof after deducting all necessary expenses and charges. In this we think the master and court below erred; for they assumed that a gift of the one half of the income was a gift of an absolute estate in the lands. Of course, an unqualified gift of the income of land is to be taken as a gift of the land itself; but where, as in this case, that gift is qualified by a direction to, or power in, some one else to sell, it is clear that the gift must be confined to the

income alone, for the intent to keep the two things separate and distinct is thus made manifest. But in the disposition of this income, the master allowed to Mrs. Hagenbuch the interest on the one half of the several amounts realized from the sales of the land, though the whole or major part of it, had been consumed in the payment of debts and legacies. This on the ground, as the master puts it, "as she took as a preferred creditor, taking by purchase," she was entitled to be equitably subrogated to the rights of creditors, the claims of whom were paid out of her estate, in the remaining portion of the testator's property. Taking the premise here assumed as sound, and the correctness of the conclusion cannot be impeached. But the premise is not sound; it is but an assumption. Her estate was not taken for the payment of creditors, but the estate of the testator, and according to the directions of his will. Again we turn to that will, for by it she is held and cannot avoid its conditions by a resort to technical rules which have no application to her case. The 2d and 4th items of the testament before us are sufficiently explicit, and read as follows: (2) "I direct that my real estate shall not be sold till after the decease of my wife, unless it may become necessary, in the judgment of my executors, to sell a portion thereof for the purpose of paying debts or legacies." (4) "If my executors can arrange to pay the balance of my debts and the legacies herein bequeathed, by applying the income of my real estate thereto, then I wish them to do so; but if this cannot be done, or in their judgment it is not advisable, then I authorize them to sell and convey by deed or deeds, by them executed, such of my real estate as they may deem best to sell for said purposes." From the above it will be seen that there is a clearly expressed intent on the part of the testator to charge his real estate with both debts and legacies, and for the purpose of discharging the same the executors are empowered to dispose not only of the income, but to sell the land. How then can she have the income or interest of that which was sold in execution of that power? This cannot be. As well might the donee of a property charged with a judgment expect to take it free of that judgment, and upon sale of it under the lien, attempt to be subrogated to the creditor's right in other property of the donor. It is true that her acceptance

Finding of Court below.

under the will must be regarded as an acceptance in lieu of dower, and so be taken as a purchase for a valuable consideration. But then, what did she thus purchase? Certainly only that which was expressed in the will; that is, the net income of an estate charged with certain debts and legacies; nothing more, nothing less; and she must be held to her bargain.

On the question of jurisdiction we need spend no time, for what we have already said effectually disposes of the plaintiff's bill.

> Decree reversed, and bill dismissed at costs of appellee.