## McGowan's Estate.

*Wills—Construction—Gift of one-half of whole estate, followed by general and residuary legacies.*

1. A gift of one-half of testator's "whole estate" refers to the net estate, that is, what remains after payment of debts and administration expenses.

2. When such a gift is followed by general and residuary legacies, the general legacies are payable out of the remaining one-half of the estate before the residuary estate is ascertained.

Adjudication. Account of Continental-Equitable Title and Trust Company, executor. O. C. Phila. Co., July T., 1921, No. 623.

*James M. Dohan,* for accountant and several Roman Catholic charities, legatees.

*John K. Loughlin,* for Michael Cardinal Logue.

*James Fitzpatrick,* for The Catholic Church Extension Society of the United States of America, legatee, and for Altar and Rosary Society of the Cathedral, legatee.

HENDERSON, J., Oct. 11, 1921.—The testatrix died on Dec. 27, 1920, having first made and published her last will and testament, dated Feb. 23, 1912, duly admitted to probate.. . .

The testatrix by her will gave numerous legacies, and then, by the eighth item, directed as follows:

"I give and bequeath the one-half part of my whole estate unto His Eminence Michael Cardinal Logue, or to his successor as Roman Catholic Archbishop of Armagh, Ireland, for the benefit of the Roman Catholic Irish University."

This clause was followed by a small bequest and a residuary gift in favor of the Catholic Foreign Missionary Society.

Counsel for Cardinal Logue contends that he is entitled to one-half of the whole estate as a specific legacy, clear of debts and legacies, and that the debts and legacies are payable from the remaining half.

In Griffin's Estate, 1 Dist. R. 316, Judge Ashman, speaking for this court, said: "It is perfectly clear, however, that a gift by a testator of all his estate cannot be specific, because the terms of the gift are in themselves general; and it is equally clear that a gift of one-half of his estate is no more specific."

A testator may only dispose of his net estate, that is, what remains after

1 D. & C.

McGowan's Estate.

debts and administration expenses are cared for. His whole estate is ascertained by first deducting these items.

It should be observed that the usual residuary clause follows the one we are considering. Hence, I conclude that Cardinal Logue is entitled to receive one-half of the estate after payment of debts and expenses, but clear of legacies, which will be payable out of the remaining one-half before the residuary estate is ascertained.

In Briggs v. Hosford, 22 Pickering, 288, a gift to the wife of "the one-half of all my property," was construed to mean one-half after the payment of debts.

Reed v. Addington, 4 Vesey, Jr., 575, is to the same effect. These cases were followed in Smith v. Terry, 43 N. J. Eq. 659.

In Kline's Appeal, 117 Pa. 139, a gift to the widow of "one-half of all the net income arising from my real estate," was construed to mean one-half of the income from the real estate after sales made for the payment of debts. . . .

There was no objection to the account, which shows a balance of principal and income of $5626.81, of which, together with all additional income or interest on deposits to date of payment, one-half thereof (less tax) is awarded to His Eminence Michael Cardinal Logue. . . .

And now, Oct. 11, 1921, the account is confirmed *nisi*.