Elizabeth Rhodes SHARPLESS, Executrix of the Will of Samuel Franklin Sharpless, Deceased, Appellant,

v.

UNITED STATES of America.

No. 11320.

United States Court of Appeals Third Circuit.

Argued Oct. 11, 1954.

Decided April 21, 1955.

Sidney L. Wickenhaver, Philadelphia, Pa. (Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., on the brief), for appellant.

Edward W. Rothe, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Sp. Assts. to the Atty. Gen., W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

The District Court, after trial without a jury, entered judgment against the plaintiff on her claim to recover estate taxes assessed as a deficiency and paid by her. On this appeal, the question for determination is whether the claim was timely asserted.

The underlying facts are not in dispute. They are as follows:

In 1935, plaintiff's decedent, Samuel Sharpless, deeded certain real estate, called "Lenape Farms", to the plaintiff and another, subject to a declaration of trust, the operative part of which reads:

"To have and to hold the said property in trust for Franklyn Sharpless, City of Philadelphia, State of Pennsylvania.

"The said Trustees to have the right to rent or sell the said property, and give a proper deed of conveyance for same, for such sum as they may deem proper. In the event of the sale of said property they are to administer the fund arising from such sale, paying the income to Franklyn Sharpless each and every year after he reaches his majority, or in the event of his death to such heirs as he may designate in his Will."

Franklyn Sharpless was the decedent's son. He was over twenty-two years of age when his father died, on November 5, 1939.

On February 3, 1941, the plaintiff, as executrix, filed an estate tax return, but Lenape Farms was not included in the gross estate. Thereafter, the plaintiff was notified of a proposed deficiency in estate tax liability based in part upon the inclusion of Lenape Farms in the gross estate. The revenue agent's report included the value of the Farms (as well as the value of corporate securities, not here involved) as a transfer intended to take effect at or after death. The plaintiff filed a protest against the rec-

ommendation of the revenue agent on the ground that the transfer was complete, absolute, irrevocable and divested the grantor of all interest in the property transferred. A hearing was had and a conference report was made which stated that the son, Franklyn, had only a life interest under the terms of the trust. A deficiency assessment resulted in a reduced amount, since the items other than Lenape Farms were eliminated in accordance with the conference report. The plaintiff paid this assessment on February 16, 1944. On September 8, 1950, more than six years later, she filed a claim for refund of the amount paid under the deficiency assessment, citing as its basis the Technical Changes Act of October 25, 1949, 63 Stat. 891, which amended Section 811(c) of the Internal Revenue Code of 1939. The claim for refund was denied on October 24, 1950, and this action followed.

The plaintiff recognizes that the three-year Statute of Limitations contained in Sections 910 and 3772 of the Internal Revenue Code of 1939 [1] bars this action since her claim for refund was filed more than six years after payment unless she can establish that it comes within the Technical Changes Act of 1949 thus making operative one of the provisions of that Act which lifted the usual statutory bar where overpayment resulted from the retroactive amendment of Section 811(c) of the Code.

Accordingly, the plaintiff asserts that the value of Lenape Farms was included in the decedent's gross estate as a transfer intended to take effect in possession or enjoyment at or after death under Section 811(c) of the Internal Revenue

---

[1]. "§ 910. Period of limitation for filing claims

"All claims for the refunding of the tax imposed by this subchapter alleged to have been erroneously or illegally assessed or collected must be presented to the Commissioner within three years next after the payment of such tax. * * *"
26 U.S.C.1952 Ed. § 910.

"§ 3772. Suits for refund

"(a) Limitations

"(1) Claim. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard".
26 U.S.C.1952 Ed. § 3772.

Code of 1939,[2] and that as a result of the operation of the Technical Changes Act the basis on which the tax was assessed and paid has been removed, and the time within which claim for refund may be made was extended.[3] It was, and is, the plaintiff's contention that the trust here involved is passive and the beneficiary obtained a fee simple title under the laws of Pennsylvania. See In re Carmany's Estate, 1947, 357 Pa. 296, 53 A.2d 731, 174 A.L.R. 311. Accordingly, it is argued that the inclusion of the value of the real estate in the decedent's gross estate under Section 811 (c) was erroneous and the plaintiff is entitled to a refund. See Guggenheim v. United States, 1953, 127 Ct.Cl. 121, 116 F.Supp. 880. The United States contends that the operative provision of the Internal Revenue Code pursuant to which the deficiency was assessed and paid was Section 811(a),[4] and that the trust is not passive. See Kline's Appeal, 1887, 117 Pa. 139, 11 A. 866; In re Gibbon's Estate, 1935, 317 Pa. 465, 467, 177 A. 50. Moreover, it contends that, assuming an overpayment, such overpayment existed regardless of the retroactive amendment of Section 811(c) of the Technical Changes Act, and the benefit of the extension of the limitation period cannot be applied thereto.

The District Court was of the opinion [5] that the purpose of the Technical Changes Act was to relieve taxpayers from the effect of Estate of Spiegel v. Commissioner of Internal Revenue, 1949, 335 U.S. 701, 69 S.Ct. 301, 93 L.Ed. 330; that the extension of the limitations period was intended to accord relief in those instances where the right to refund arose from the application of the substantive amendment; and that it was

---

2. "§ 811. Gross Estate
"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—
"(a) Decedent's interest. To the extent of the interest therein of which the decedent at the time of his death; * * *
"(c) Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, * * *."
26 U.S.C.1946 Ed. § 811.

3. Act of October 25, 1949, c. 720, 63 Stat. 891 Technical Changes Act of 1949:
"Sec. 7. Transfers Taking Effect at Death.
"(a) Section 811(c) of the Internal Revenue Code * * * is hereby amended to read as follows:
" '(c) Transfers in Contemplation of, or Taking Effect at, Death.
" '(1) General rule.—To the extent of any interest therein of which the decedent has at any time made a transfer * * * by trust or otherwise * * *
" '(C) intended to take effect in possession or enjoyment at or after his death.
" '(2) Transfers taking effect at death— Transfers prior to October 8, 1949.—An interest in property of which the decedent

made a transfer, on or before October 7, 1949, intended to take effect in possession or enjoyment at or after his death shall not be included in his gross estate under paragraph (1), (C) of this subsection unless the decedent has retained a reversionary interest in the property, arising by the express terms of the instrument of transfer and not by operation of law, and the value of such reversionary interest immediately before the death of the decedent exceeds 5 per centum of the value of such property. * * *'
"(b) The amendment made by subsection (a) shall be applicable with respect to estates of decedents dying after February 10, 1939. * * * No interest shall be allowed or paid on any overpayment resulting from the application of subsection (a) with respect to any payment made prior to the date of the enactment of this Act.
"(c) If refund or credit of any overpayment resulting from the application of subsections (a) and (b) is prevented on the date of the enactment of this Act, or within one year from such date, by the operation of any law or rule of law * * refund or credit of such overpayment may, nevertheless, be made or allowed if claim therefor is filed within one year from the date of the enactment of this Act. * * *" 26 U.S.C. § 811 and note.

4. See footnote 2, supra.

5. The opinion of the District Court is unreported.

not intended to relieve against every error under Section 811(c), as to which the taxpayer had an immediate remedy and did not require retroactive relief. The court agreed with the plaintiff that the trust here involved was passive, and that therefore the value of Lenape Farms was not includable under Section 811(c) even prior to the amendment. It concluded that since the overpayment did not arise under the circumstances of the substantive amendment, and particularly since the plaintiff had always contended that the decedent had made an absolute transfer, the usual statute of limitations governed, and the claim for refund and the suit based thereon were barred.

As an alternative, the District Court determined that the Commissioner had assessed the deficiency pursuant to Section 811(a), that is, upon the reversion belonging to the decedent after the termination of a life estate in Franklyn, and not as a transfer intended to take effect at or after death as the plaintiff contends. Accordingly, the recovery of an overpayment resulting from the application of Section 811(a), not covered by the Technical Changes Act, was barred.

We agree with the conclusion of the learned District Judge that the plaintiff is not entitled to recovery on her claim. As already stated, the District Judge determined that what the Commissioner intended to assess was the reversion belonging to the decedent after the termination of a life estate in Franklyn. To the extent that this was a finding of fact, we are unable to say that it is plainly wrong. United States v. U. S. Gypsum Co., 1948, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746. However, we are satisfied that it is correct upon the record. The assessment was made in accordance with the recommendation of the conference report, which, as above stated, treated the trust as creating a life estate in the beneficiary, with a vested reversion in the decedent.[6] Upon such construction of the trust, the reversion was taxable under Section 811(a). That the trust may be read otherwise is not decisive, for the time has passed within which the plaintiff may have obtained a different reading by the revenue department or the courts.

The plaintiff places emphasis upon the fact that the value included in the decedent's gross estate on account of the trust was the full value of Lenape Farms. She contends that had the assessment been made under Section 811(a) only the value of the reversion, which was less than the full value of Lenape Farms, would have been included in the decedent's gross estate. However, it appears that the conference resulted in the elimination of other items from the decedent's gross estate; that the question of the value to be included in the gross estate on account of the trust was considered; and that no objection was raised to the value actually included. Again, we cannot say, on such evidence, that the plaintiff has satisfactorily established either that the trust was treated by the Commissioner as subject to tax under Section 811(c), or that the District Court erred in holding that the Commissioner intended the tax under Section 811(a). Accordingly, the question of value is one which is relegated to the realm of disputes now barred.

For the reasons stated, the judgment of the District Court will be affirmed.

---

6. The conference report further showed that the beneficiary had died shortly after the settlor; that the title company had refused to guarantee title if a deed were executed by the beneficiary's representative, but would do so if it were executed by the settlor's representative; and that the representative of the settlor's estate and the representative of the beneficiary's estate had agreed that the beneficiary had only a life interest in the farm. The settlor had also filed a gift tax return referring to "the life tenant".