## Heiges *v*. Baum, Appellant.

*Ways—Alleys—Reference--Deed.*

A deed is to be construed in accordance with the intentions of the parties and to ascertain that intention, it is competent to consider the relation in which they stood to each other, the character and surroundings of the property and all the elements which enter into the transaction.

*Ways—Alleys—Dedication—Prescription.*

Where a guardian under an order of the orphans' court sold a certain property of a minor, and described such land in the deed, and in the return to the sale, which was subsequently confirmed by the court, as having frontage of 50 feet on an alley and there is further evidence sufficient to warrant finding that the alley had

previously been laid out by the guardian, and was used by the owners of other lots and by the public and by the minor himself, the latter cannot, more than twenty-one years after such using, and fifteen years after attaining his majority, assert a right to interfere with the use of such alley.

Argued October 28, 1918. Appeal, No. 95, October T., 1918, by defendant, from decree of C. P. Clearfield County, September T., 1911, No. 6, in equity in case of J. H. Heiges v. W. C. Baum. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction to restrain the closing of an alley. Before WHITEHEAD, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court awarded an injunction.

*Error assigned,* among others, was the decree of the court.

*W. C. Miller,* and with him *H. B. Wartswick,* for appellant.—The guardian had no authority to dedicate the alley: Gray's Estate, 1 Pa. 326; Stoughton's App., 88 Pa. 198; Blauser v. Diehl, 90 Pa. 350; Johns v. Tiers, 114 Pa. 611; Sayres v. Pollock, 219 Pa. 274.

The defendant was not estopped from asserting his rights: Wickham v. Twaddell, 25 Pa. Superior Ct. 188; Bishop v. Buckley, 33 Pa. Superior Ct. 123; Silliman v. Whitmer & Sons, 11 Pa. Superior Ct. 243.

*W. C. Pentz,* and with him *J. J. Pentz,* for appellee.—The defendant by his conduct ratified the action of his guardian: Jacoby v. McMahon, 174 Pa. 133; Barnes v. Philadelphia, Newtown & N. Y. Ry., 27 Pa. Superior Ct. 84; McQuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418; Brown v. Caldwell, 10 Sergeant & Rawle 114; Logan v. Gardner, 136 Pa. 588.

18       HEIGES *v.* BAUM, Appellant.

OPINION BY PORTER, J., July 17, 1919:

This is an appeal by the defendant from the decree of the court below restraining him from fencing or in any manner obstructing an alley upon which the property of the plaintiff abutted. The defendant acquired title to a tract of land containing two acres in the Borough of DuBois, in the year 1881, under the will of his mother; he was at that time a minor and Fred Tracy was his duly appointed guardian. In 1883, Tracy, the guardian, presented his petition setting forth the ownership by his ward of the tract of land in question, that the ward had no personal estate to pay his debts and maintain him and it was necessary to sell said real estate for the maintenance and education of the ward and pay some debts that had been contracted for his boarding and medical treatment. The petition prayed the court to grant an order to make sale of the said "described real estate or any part thereof that may be necessary for said purposes." The orphans' court granted the order as prayed for. The guardian, on January 14, 1884, made return to the order of sale setting forth that, he had sold to Charles Schwem a part of said tract of land, to wit, a lot, the description of which in said return, and in the deed made in pursuance thereof, called for a frontage of fifty feet on an alley at the rear end of said lot. The court confirmed the sale nisi and no exceptions having been filed, the same was confirmed absolutely. The guardian in accordance with the order of the court executed a deed conveying to Schwem the lot and describing it as abutting on an alley at the rear. The guardian in his account filed some years afterwards accounted for the purchase money received from Charles Schwem for this lot. The title to the lot as thus described has by sundry mesne conveyances become vested in the appellee. The facts thus far stated were found by the court below and were not disputed.

The court found the following facts, upon evidence amply sufficient to sustain such findings. The guardian had, prior to the sale of the lot to Charles Schwem, in

16, (1919).] Opinion of the Court.

pursuance of the authority granted him to sell a part of the tract, laid out the alley in question along the rear of the lot then sold, this alley being a continuation of an alley laid out and formally dedicated to public use upon the plan of the property of an adjoining owner, and this is the alley referred to in the return of sale which was confirmed by the court. W. C. Baum, the appellant, arrived at the age of twenty-one years in 1888, and in the latter part of that year built a house upon a part of the same tract across the alley from the lot of the appellee, and has lived there ever since. The alley was opened to and used by the owners of the lots sold by the guardian of the appellant, and by the public, for more than twenty-one years, and for more than fifteen years after the defendant became of age, without let or hindrance. The defendant had full knowledge for more than fifteen years after he became of age that said alley was open and being used by the purchaser of said lot and the public, and he not only did not make any objection to said use but acquiesced in the same. We have upon this point the specific finding that, "The defendant arrived at the age of twenty-one years in October, 1888, and that in the latter part of said year he built a house upon one of the lots still vested in him, and that he resided upon said lot up to the bringing of this action, and used said alley in common with others up until about 1909." These findings of fact by the court below, supported by sufficient evidence, are conclusive of the rights of the parties.

There may be a question whether under the record of the orphans' court and the deed, standing alone, there passed to Schwem and his successors in title a right to the use of the alley in connection with the lot. When the court made the order authorizing the sale of the tract or any part of it, it would seem that it was competent for the guardian to sell a part of the lot and to grant in connection therewith the right of a private way, but if he did so proceed it was incumbent upon him to make clear to the court the fact that he was conveying a right-of-way in

connection with the lot sold, and it would have certainly been the better practice to have distinctly described the alley, giving its width, and stating where it led to. There was, however, in this case this pertinent fact, the owner of the adjoining land had laid out and dedicated to public use an alley sixteen feet wide and extending back westerly fifty feet to the line of the tract which was the property of the appellant. A deed is to be construed in accordance with the intention of the parties and to ascertain that intention it is competent to consider the relation in which they stood to each other, the character and surroundings of the property and all the elements which entered into the situation. Had W. C. Baum been of full age at that time and himself executed this deed it might well be held that it was the intention of the parties to extend the alley which the adjoining owner had dedicated to public use and carry it along the line of the lot now owned by plaintiff to the westerly line thereof. Be that as it may, it is certainly clear that the record of the orphans' court and the deed calling for an alley at the rear of the lot are proper to be considered in connection with what the parties subsequently did with relation to the matter, indicating the construction which they themselves put upon the transaction. The court below has found that the alley was opened and used by the purchasers of lots and by this appellant for more than twenty-one years, more than fifteen of which were after the appellant became of full age. Le Roy Tomkins, an intermediate owner of the lot who had bought it from Schwem, testified that he had built a barn on the rear end of the lot abutting on the alley, that he had to use the alley to get in and out of the barn and that he had built the barn in that position by the advice of this appellant. The appellant although called as a witness did not contradict this testimony. In view of the findings of fact by the court below, which are sustained by sufficient evidence, the appellant must be held to have waived any objection to the sufficiency of the description of the alley contained

in the decree of the orphans' court. He permitted the alley to remain open upon the ground and be used by the owners of the lot for over twenty-one years, during fifteen years of which he was of full age and it is now too late for him to assert a right to interfere with the use of the alley: Jacoby v. McMahon, 174 Pa. 133.

The decree is affirmed and the appeal dismissed at cost of the appellant.