Rupp et al. v. Stevens et al., Appellants.

449

Argued May 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Yale L. Schekter,* with him *Francis Shunk Brown, Francis B. Sellers, Jr.,* and *M. W. Jacobs, Jr.,* for appellants.—The widow took a defeasible fee: Redding v. Rice, 171 Pa. 301; Hults v. Holzbach, 233 Pa. 367; Fidelity Trust Co. v. Bobloski, 228 Pa. 52; Feuerstein v. Bertels, 221 Pa. 425; Kiefel v. Keppler, 173 Pa. 181; Spreng's Est., 24 Pa. Dist. R. 372; Dimm v. Hallman, 25 Montg. Co. R. 46; Rosenfeld v. Wahal, 48 Pa. C. C. R. 362.

*S. S. Rupp,* with him *John L. Shelly* and *Samuel E. Basehore,* for appellees, cited: Long v. Paul, 127 Pa. 456.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1929:

In this action of ejectment, judgment was entered on the pleadings by the court below in favor of plaintiffs, who are the heirs-at-law of Henry M. Rupp, against defendants, who are devisees of his widow, Catharine Rupp; the latter appeal.

The heirs-at-law assert that under the will of Henry M. Rupp the widow took but a life estate; the appellants claiming, through her, that she became vested with a defeasible fee,—absolute if she did not remarry; and she did not.

The whole case turns on the construction of a single paragraph of the will. To us its meaning seems so free from doubt that it construes itself and manifests the testator's intent beyond peradventure; appellants' ingenious counsel devote 27 pages of printed argument to an endeavor to refine away its clear meaning.

The paragraph in question reads, "Item. All the rest and remainder of my real estate, wherever situated, I give and devise to my beloved wife Kate Rupp, to have and to hold the same for and during her natural life, or as long as she remains a widow: But in the event that she shall remarry, then I direct that all my real estate (excepting the lot hereinbefore devised) shall be sold, and the proceeds divided as follows: One-third thereof to be paid to my said wife, Kate Rupp, absolutely, and the remaining two-thirds to be equally divided amongst my brothers and sisters and the children of deceased brothers and sisters; the said children to be entitled to such share or shares as their parents would have been entitled to receive, if then living." Under these words the widow took but a life estate, because that is what they say, "to have and to hold the same for and during her natural life." Nothing thereafter written enlarges her estate or warrants the conclusion that if she did not remarry she would at the time of her death possess the fee; on the contrary, if she should again wed, she lost her life estate and the land was to be sold, she getting

one-third of the proceeds "absolutely." The use of this word negatives the idea that she could take a fee in the land and goes to show that the testator understood the difference between what was given for life only and what was given in its entirety. That he understood the effect of the terms he used is further shown by a previous paragraph of the testament in which he gives to her all his personal property "to have and to hold the same to her and to her heirs and assigns forever." While it is true the construction adopted leads to an intestacy as to the remainder in the land after the wife's death, this is as the testator willed and we cannot depart from the meaning of his words when that meaning is clear; they and not fancy or supposition show his intent: Leech's Est., 274 Pa. 369; Price's Est., 279 Pa. 511; Kidd's Est., 293 Pa. 56. Redding v. Rice, 171 Pa. 301, much relied upon by appellants, is not a parallel case with this as a reading of the will there up for construction will show. Among other things, it contains no limitation of the estate to the natural life of the devisee. As was said in that opinion, precedents are of little value in the constructions of wills. Snyder v. Baer, 144 Pa. 278, called to our attention on the oral argument, involves a will materially differing in its language from the one before us.

The judgment entered by the court below is affirmed.