## Bosworth's Estate.

Argued January 11, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*Bryan A. Hermes,* with him *Thomas R. MacFarland, Jr.,* for appellant.

266

*John G. Kaufman,* for appellee.

Per Curiam, February 1, 1940:

This is an appeal from the decree of the Orphans' Court awarding the residue of the estate of Florence B. Bosworth to her niece, Florence Huber, now Florence Huber Blew. The will provides: "All the rest, residue and remainder of my estate, real, personal and mixed, . . . I give, devise and bequeath unto my Executor and Trustee, hereinafter named, In Trust, to invest, reinvest and keep the same invested, and the net income derived therefrom, I direct to be paid quarterly unto my niece, Florence Huber, until her arrival at the age of thirty years. Should my said niece be a minor at the time of my decease, I direct that said net income be applied for her education and clothing until her arrival at the age of twenty-one years. Should my said niece, Florence Huber, die before arriving at the age of thirty years, I give, devise and bequeath my said residuary estate unto such of her children as may then be living, in equal parts, share and share alike, absolutely. Should my said niece die before arriving at the age of thirty years without leaving children her surviving, I give, devise and bequeath my said residuary estate unto my nephew, William Box, absolutely."

At the date of the testatrix's death, Florence Huber was thirty-two years of age and had no children. Appellant contends that an intestacy resulted and the remainder of the estate passed to the heirs at law and next of kin, of whom she is one.

The court below properly determined that as there was no gift over when Florence Huber reached thirty and gifts over in the event she did not reach thirty, it is evident that the testatrix intended to give her an absolute estate. This is a fair implication from the terms of the will: *Cassell v. Cooke,* 8 S. & R. 268; *Jeremy's Est.,* 178 Pa. 477, 35 A. 847. *English's Est.,* 242

Pa. 545, 89 A. 680, and *Gibbons's Est.*, 317 Pa. 465, 177 A. 50, relied upon by appellant, have no application.

Decree affirmed at appellant's cost.