Roberts et al., Appellants, *v.* Hensel et al.

Roberts et al., Appellants, *v.* Claster et ux.

Argued May 28, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas R. Wickersham,* with him *Walter H. Compton,* for appellants.

*Arthur H. Hull,* of *Snyder, Hull, Leiby & Metzger,* with him *Harold R. Prowell* and *William S. Middleton,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1941:

Phillip K. Hensel died on January 25, 1934, leaving a will in paragraph 4 of which he provided as follows: "I give and bequeath to Union Trust Company of Pennsylvania, Trustee hereunder, my real estate known as and numbered 28 and 30 South Third Street, Harrisburg, Pennsylvania, in trust nevertheless, to pay to my wife, Maude V. Hensel, the income therefrom". Following the death of the widow on April 25, 1934, appellants, who are her heirs at law, instituted these proceedings, in ejectment, contending that, under paragraph 4 of Hensel's will, their decedent took an absolute estate in the 28 and 30 South Third Street properties and claiming to be the owners thereof under the intestate laws. Appellees, who claim the real estate in dispute under the residuary clause of the will of Phillip K. Hensel, filed demurrers on the ground that the terms of the will gave the widow, Maude V. Hensel, merely a life estate in the properties, which demurrers the court below sustained, and these appeals followed.

While it is a well settled principle in our law of wills that "a devise of the rents, issues and profits of the

land passes the land itself both at law and in equity" (*France's Estate*, 75 Pa. 220, 224; *Mifflin's Estate*, 232 Pa. 25, 32), this general rule of construction does not apply universally, but, "like all other canons of construction, it falls in the face of a contrary intention indicated by the will": *Gibbons's Estate*, 317 Pa. 465, 467. Thus, in *Kline's Appeal*, 117 Pa. 139, it was stated, at 147-48: "Of course, an unqualified gift of the income of land is to be taken as a gift of the land itself; but where, as in this case, that gift is qualified by a direction to, or power in, some one else to sell, it is clear that the gift must be confined to the income alone, for the intent to keep the two things separate and distinct is thus made manifest." And, in *Gibbons's Estate*, supra, where the will empowered the trustee, inter alia, "to sell and to invest in other real estate, ground rents, mortgages, or reinvestment in any good security", this Court construed a gift of rents, issues and profits not to pass a fee, even though the effect thereof was to cause an intestacy as to the corpus of the estate, saying, at 468: "The qualifications of the rule, as defined by our court, are as follows: Where (a) the gift is for a limited period; or if (b) the trustee has active duties to perform; or if (c) the will discloses anything to indicate a contrary intent."

In paragraph 8 of his will, which was undoubtedly intended to embrace all real estate given to the trustee, including the two parcels referred to in paragraph 4 and here in controversy, the present testator not only authorized and empowered the trustee "to sell my real estate when in its judgment a sale can be made for the benefit of my estate, to such person or persons and for such prices as may be reasonably secured for the same", but he imposed upon the trustee the affirmative duty to invest the proceeds in securities legal for trust funds "in the event of a sale of *all or part* of my real estate *during the lifetime of my wife*", and expressly directed the trustee "to pay the income therefrom to my wife,

Maude V. Hensel, *during her natural life"*. Under the decisions referred to, testator thus clearly manifested an intention not to pass an absolute estate in these properties to the widow, but only the income therefrom for life; consequently, the technical rule of construction sought to be invoked by appellants, her heirs at law, has no application.

Judgments affirmed.