Jacobs' Estate.

Argued September 29, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Sidney J. Watts,* of *Baker & Watts,* with him *D. W. McDonald, Jr., Con. F. McGregor, William G. Bechman,* of *Bechman, Dunn, Parker & McGregor,* for appellants.

*Ruth V. Teitrick* and *Ruby R. Vale,* for petitioner-appellant.

*Jacob E. Horewitz,* with him *Thomas A. Waggoner, Jr., George L. Hilty, William D. Long* and *W. Robert Thompson,* of *Montgomery & Thompson,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 26, 1941:

These appeals, taken from the decree of the court below dismissing exceptions filed to its adjudication and decree of distribution upon the audit of the fourteenth account of the trustees under the will of Adam Jacobs, deceased, involve the construction of certain provisions of the decedent's will governing the disposition of his residuary estate.

Adam Jacobs died testate on December 18, 1883, survived by his widow, Ann, and eight children, four sons and four daughters. By his will he devised and bequeathed his entire estate to his executors, as trustees, and directed that the income therefrom be paid to the widow during her lifetime. At her death testator directed, in paragraph four, that the trustees should establish various trusts, including a trust of $10,000 for each of the children for life, except his son George, whom he disinherited. Each of these seven trusts was identical as to the amount and life quality of the child's share, but the provisions for distribution of principal among the issue of the respective children varied, preference being given grandchildren named after testator, and where his children had no children bearing his name, preference going to their eldest sons and to daughters named after the widow, to the exclusion of the others. In the trusts for two of the children only, Carrie S. Bowman and Annie J. McBirney, did testator provide what should

be done with the fund in case a child died without leaving issue surviving, directing, in these instances, that in such event the income should be equally divided among the surviving children of testator for their lives and the life of the survivor, in the nature of a joint tenancy, and upon the death of the survivor the principal should be distributed to such survivor's children. After making devises of real estate, subject to the life estate in the widow, by paragraphs five to ten, testator, in paragraph eleven, provided as follows: "I do direct my Trustees yearly and each year to pay the surplus income, if any, not hereinbefore provided for, to and among such of my children as I have hereinbefore named as legatees, and I direct that in all respects. the said surplus income shall be divided among the same persons in the same proportions and for the same estates as I have hereinbefore provided for my said children respectively in paragraph four, except that after the death of any one of my children the said surplus income shall be divided to and among his or her children living at his or her death, until they respectively attain the age of twenty-one, at which time they shall receive an equal share of said principal sum."

The widow lived until January 10, 1916, surviving testator by thirty-two years. In the meantime three of the children, John N., Adam, Jr., and Mary E. Parkhill, had died, leaving only four of the seven children to survive the widow. As John N. and Adam, Jr., had left children, one-sixth of the principal of the residuary or general trust estate was distributed among the children of each. Mary E. Parkhill having died without issue, any interest she may have acquired under the will was disregarded for purposes of distribution of the residuary estate. Carrie S. Bowman, a daughter, died July 11, 1917, and thereafter one-fourth of the remaining residuary estate was distributed among her children. The death of Martin R. Jacobs, the last of the three sons, occurred on November 7, 1926, and one-third of the residuary estate then remaining was awarded to his only

child. Thereafter the residuary fund was administered solely for the benefit of the two remaining children, Annie J. McBirney and Catherine E. Graham, until the death of the former, without issue, on April 28, 1940, whereupon the trustees filed their fourteenth and partial account.

At the audit of the account, Catherine E. Graham, the survivor of testator's children, who has since also died and is now represented on the record by her executor, contended that the entire balance of the general trust, which is two-sixths of the original residuary estate, should be awarded to the trustees to pay the income thereon to her for life. Children of testator's deceased children resisted this contention, claiming that the death of Annie J. McBirney, without issue, created a situation not contemplated by paragraph eleven of the will and that there is an intestacy as to one-half of the fund. The court below upheld the latter contention and a decree was entered distributing one-half of the fund and the income therefrom since April 28, 1940, accordingly. Exceptions filed by Catherine E. Graham and by her two children, Adam J. Graham and Rebecca G. Davis, who claimed the status of contingent remaindermen in the entire balance of the fund, subject to a life estate in their mother, were dismissed and the adjudication was confirmed absolutely.

The controlling, in fact the only, question for determination is whether testator's will, properly construed, makes provision for disposition of that share of principal of the residuary estate on which Annie J. McBirney received the income, for her lifetime, in the event of her death without issue. Appellees' position, sustained by the court below, is that the provision, in paragraph eleven, that "after the death of any one of my children the said surplus income shall be divided to and among his or her children living at his or her death, until they respectively attain the age of twenty-one, at which time they shall receive an equal share of said principal sum",

is the only provision in the will disposing of the principal of the residuary estate and that testator simply failed to provide for the distribution of any portion of the principal in the event the contingency arose that any of his children died without issue. On behalf of appellants it is contended, with some degree of ingenuity, that "by its express terms paragraph eleven is linked with paragraph four, and by specific reference the dispositive provisions as to principal of the latter are carried into the former"; further that "the 'except that' clause of paragraph eleven was inserted for the sole purpose of introducing a different scheme of distribution of income and principal of his children's shares of his residuary trust estate, after their respective deaths, if, and only if, a child of testator left children living at his or her death." In other words, appellants take the position that the provision, in paragraph four, in connection with the $10,000 specific trust for Annie J. McBirney, that "should my said daughter die without children living at her death, then I give said sum of Ten Thousand ($10,000.) Dollars to my Trustees, the income to be equally divided among my children then living, for and during their natural lives, and the life of the survivor of them (in the nature of a joint tenancy), and from and after the death of the survivor then to and among his or her children, until they attain the age of twenty-one, when each child shall receive an equal share", was intended to control not only the disposition of the principal of the specific trust, in the event which has occurred, but as well the disposition to be made of this daughter's share in the residuary fund.

Upon a careful study of the provisions of the will, we are unable to conclude that testator had any such intention with respect to the principal of his residuary estate as that for which appellants contend. If testator had provided, in the first part of paragraph eleven, that his *"surplus estate"* should be disposed of "among the same persons in the same proportions and for the same estates

*as provided in paragraph four"*, then there would be warrant for construing the "except that" clause as a mere "modification of something of the same nature (i. e., disposition of principal) which had preceded it." But this is not what testator provided. The provision is that *"surplus income"* shall be divided "among the same persons in the same proportions and for the same estates *as I have hereinbefore provided for my said children respectively in paragraph four."* By the terms of the trusts under paragraph four, no child was entitled to any part of the principal fund, but only to the income for life; hence, the reference is expressly limited by testator to provisions in paragraph four which relate exclusively to the disposition of income. It is thus to be seen that the construction contended for would require not only that we, in effect, reform and reconstruct this will by changing the words "surplus income" to read "surplus income and principal", but would also require that the qualifying phrase "for my said children respectively in paragraph four" be disregarded entirely. This we cannot do and will not do, particularly in cases of carefully and skillfully drawn wills, like the present one. See *Elkins' Estate,* 339 Pa. 193, 200. "Words and limitations may be supplied or rejected when warranted by the immediate context or the general scheme of the will, but not merely on a conjectural hypothesis of the testator's intention however reasonable, in opposition to the plain and obvious sense of the instrument": *Bender v. Bender,* 226 Pa. 607, 613. The words "and I direct that in all respects the said surplus income shall be divided among the same persons in the same proportions and for the same estates as I have hereinbefore provided for my children" aptly describe the quantity and quality of the estates which testator intended for his children in the residuary or general trust estate and, in our opinion, this was intended as their sole purpose and effect. As we read paragraph eleven, the language used clearly excludes the possibility of a conclusion that testator in-

tended the disposition of principal of the residuary estate should be controlled, in any case, by the provisions for disposition of the principal of the specific trusts under paragraph four.

Eliminating appellants' contention that not only "surplus income" but "surplus principal" as well was intended to be distributed as provided in paragraph four, the will contains no provision for distribution of the share of principal of the residuary trust which was administered for the benefit of Annie J. McBirney, during her lifetime. Testator's whole expressed intention on the subject of ultimate disposition of the residuary fund is contained in the provision, in paragraph eleven, that "after the death of *any one* of my children the said surplus income shall be divided to and among his or her children, living at his or her death, until they respectively attain the age of twenty-one, at which time they shall receive an equal share of said principal sum." Whether testator would have provided for ultimate distribution of the residuary estate in the same manner as provided with reference to the specific trusts, or would have made a different distribution, had he contemplated, in making disposition of this part of his estate, that any of his children might die without leaving issue, is thus left entirely to conjecture by the will and must ever remain so. " 'Conjecture is not permitted to supply what the testator has failed to indicate, for as the law has provided a definite successor in the absence of disposition, it would be unjust to allow the right of this ascertained object to be superseded by the claim of any one not pointed out by the testator with equal distinctness . . . The rights conferred by the intestate laws are only taken away by a will which effectively disposes of the entire estate of the decedent; and while a construction is not to be adopted, if it can be avoided, which will lead to an intestacy, interpretation is never to assume the proportion of reformation. The question is confined to the meaning of what the testator has said, and does not ex-

tend to the consideration of what he might have said, but did not' ": *Nebinger's Estate,* 185 Pa. 399, 403. See also: *Ingham's Estate,* 315 Pa. 293, 296-97; *Knox's Estate (No. 2),* 328 Pa. 188, 191; *Hirsh's Trust Estate,* 334 Pa. 172, 178.

Testator having omitted to provide for distribution of the Annie J. McBirney share of the residuary estate in the contingency which has occurred, as we conclude, the court below rightly held that as to such share there is an intestacy.

Decree affirmed. Costs to be paid by appellants.