## Thompson Trust.

Argued November 26, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Robert Brigham,* with him *Ballard, Spahr, Andrews & Ingersoll,* for appellant.

*Joseph D. Burke,* with him *Frank Fogel,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1944:

The question raised by this appeal is whether under the terms of an inter vivos deed of trust, an unlimited gift of income carries with it the principal from which the income is derived.

The trust was erected by James Thompson in the following language: "In Trust, nevertheless, and for the uses following that is to say:—to pay the net income of all the said property hereby conveyed one half to Eliza E. Thompson, the wife of the said James Thompson, for her support and for the education and maintenance of James Harway Thompson, the minor child of the said James Thompson and Eliza E. his wife, until the said child shall become of full age and thereafter to pay the said one half part of said income to the said Eliza E. Thompson and James Harway Thompson in equal portions during their natural lives and in case of the death of either of the said James Harway Thompson or Eliza E. Thompson to pay the whole of said one half to the survivor; and to pay the remaining one half part of said net income to the said James Thompson so long as he shall live and after his death to such person or persons as he shall appoint by will or in default thereof to his heirs at law."

Eliza E. Brooks (formerly Thompson) having died, the trustees filed the present account. Her executor maintains that her estate is entitled to an absolute share of one half of the *res*. The auditing judge decided that she possessed but a life estate therein, and awarded the corpus to the estate of the settlor who predeceased her.

Appellant concedes, as indeed he must, that there was no *express* gift of principal. It is earnestly maintained, however, that a grant of principal must be *implied* because of what appellant contends is an *unlimited gift of income*.

There exists a well established rule of construction that a gift of income, interest or profits without limitation as to time constitutes a gift of the fee itself. The subject matter is discussed at length in the dissenting opinion in *Gibbons' Estate*, 21 D. & C. 319, 324, supported by this Court in an opinion written by Justice KEPHART: *Gibbons' Estate*, 317 Pa. 465, 177 A. 50. We have recently reaffirmed the principle in *Emmerich Estate*, 347 Pa. 307, 310.

This ancient rule of construction is not merely an aid in ascertaining *testamentary* intent; it concerns deeds as well as wills. In Co. Litt. 4, 6, it is said with respect to deeds: "(g) But if a man seised of lands in fee by his deed granteth to another the profit of those lands, . . . the whole land itselfe doth passe; for what is the land but the profits thereof; for thereby vesture, herbage, trees, mines, and all whatsoever parcell of that land doth passe". Footnote (5) comments that in *Parker v. Plummer*, 1 Cro. Eliz. 190, the rule was applied in case of a devise. This Court, in *Drusadow v. Wilde*, 63 Pa. 170, in an opinion by Justice SHARSWOOD, applied the principle in the construction of a deed.

In constructing the deed in the instant case, we must determine the effect of the language which granted the income, and the intention of the parties must be ascertained from the language used: see *Hess v. Jones*, 335 Pa. 569, 7 A. 2d 299; *Witman v. Stichter*, 299 Pa. 484,

149 A. 725: *Heiges v. Baum,* 72 Pa. Superior Ct. 16. See also Restatement of Trusts, section 128, Comment b; *Locke v. Farmers Loan & Trust Co.,* 140 N. Y. 135, 35 N. E. 578. There is nothing in *Roberts v. Hensel,* 342 Pa. 314, 21 A. 2d 34, which is in any manner contrary to these cases. That was a case involving the construction of a *will.* However, as we pointed out in *Gibbons' Estate,* supra at 468, the rule does not apply where the instrument evidences an intent *not* to pass a fee. Such *contrary intent* is held to be disclosed when (a) the gift is for a limited period (b) the trustee has active duties to perform (c) anything exists to indicate a contrary intention.

It is to be observed that: (a) this deed specifically provides that it was the *net income* which was to be paid to settlor's wife and son *"during their natural lives* and in case of the death of either . . . to pay the whole of said one half to the survivors".. It appears most plain that under this language the gift of such income *was* for a limited period, viz: *the natural lives* of the wife and son. "The whole of the said one half" obviously refers to the last-mentioned half of the net income which was to be paid to the wife or son for life, and not to any part of the undivided *res.* (b) the trustees had active duties to perform. They were empowered to sell and convey the real estate, exchange investments, pay debts of the settlor, and pay part of the principal to settlor and his wife. (c) we decided in *Schuldt v. Reading Trust Co.,* 292 Pa. 327, 332, 141 A. 152, that to warrant the implication of a fee from a devise of income, there must be a gift of *gross* as distinguished from *net* income. The gift of *net* income connotes that the trustee collects the gross income, pays the expenses, and distributes the balance.

The learned court below correctly decided therefore that there was no "unlimited gift of income" as contemplated by the rule. In this opinion we are confirmed by the acts of the parties themselves. It is to be noted that the parties construed it as we have construed it. The

settlor, by his will, disposed of part of the real estate conveyed to the trustees, and Eliza E. Brooks accepted one half of the net income of the trust for forty-four years after the death of James Harway Thompson, her son, without making claim to the principal.

The decree of the court below is affirmed; costs to be paid from the fund.