Dormer Estate.

Argued November 30, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Robert T. McCracken,* with him *C. Brewster Rhoads, John F. Headly* and *Mercer B. Tate, Jr.,* of *Montgomery, McCracken, Walker & Rhoads,* and *Garrett A. Brownback,* for appellant.

*Herbert A. Barton,* with him *John A. Boyle* and *Francis J. McCarthy,* for appellees.

*Robert Dechert,* of *Barnes, Dechert, Price & Smith,* with him *William Carson Bodine,* of *Pepper, Bodine, Stokes & Schoch, Ernest Scott, Charles C. Townsend,* of *Townsend, Elliott & Munson, Edgar S. McKaig,* of *Adams, Childs, McKaig & Lukens, Harry J. Alker, Jr., Edwin Hall, 2nd, James P. Junkin,* of *Newbourg, Grubb & Junkin, William C. Schwebel, Walter B. Gibbons, Joseph B. Quinn, John Arthur Brown, D. Alexander Wieland, Regina Clark McGranery, William I. Stanton, John V. McDonald,* and *Eric A. McCouch,* for appellee.

Per Curiam, January 3, 1944:

This appeal relates to the interpretation of the twelfth clause of testator's will which reads as follows: "Twelfth: All the rest, residue and remainder of my estate, I give, devise and bequeath to my executors, William M. Kitzmiller and Philip Stroebele, absolutely, for such disposition as they in their own free judgment may deem proper." Kitzmiller, one of the executors, died before he and his co-executor had indicated any disposition of such residue. Stroebele, the surviving executor, filed an account but died before the adjudication, leaving a list of his designated nominees. The estate of Kitzmiller contended before the auditing judge that he had died seized of one-half of the residuary estate. The heirs and next of kin of the decedent, and the designated nominees of Stroebele, demanded the award of the entire residue to them.

In a well-considered adjudication, Judge Ladner exhaustively discussed the various legal problems involved and distinguished the applicable legal authorities. He ruled that, under the above language, testator did not intend to vest in his executors the beneficial interest in the residue, but that *jointly* the executors possessed a *power of disposal,* which power did not survive Kitzmiller's death. He accordingly awarded the residue to the next of kin. Thereafter the next of kin and nominees of Stroebele entered into a compromise and stipulation of distribution, and the exceptions of the nominees to the adjudication were withdrawn. The court en banc dismissed the exceptions of Kitzmiller's executor. No useful purpose will be served by restating what has been so ably written by President Judge Van Dusen. We agree with the court below for the reasons which they have cited.

The appeal is dismissed and the definitive decree is confirmed absolutely. All costs, including the premium, if any, on the supersedeas bond, to be paid out of the estate.