Carmany Estate.

Argued January 10, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Paul A. Mueller,* for appellants.

*B. M. Zimmerman,* with him *Zimmerman, Myers & Kready,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1947:

George M. Dierolf, executor of the estate of Frances S. Carmany, appellant in appeal No. 178, and George M. Dierolf and Emma M. Schenck, residuary legatees under her will, appellants in appeal No. 179, filed this petition in the Orphans' Court for partition of the real estate of Jacob S. Carmany, deceased, asserting rights in and to the land by reason of his alleged intestacy as to the principal of his estate. Mary O. Forney, appellee, daughter of Jacob S. Carmany filed an answer denying appellants' interests. These appeals are from the decree of the court below dismissing the petition.

Jacob S. Carmany died testate February 1, 1931, survived by Frances E. Carmany, widow, and Mary O. Forney, a daughter by a prior marriage. His will provided, *inter alia:*

"Item. All the rest, residue and remainder of my estate I direct to be held in trust by my hereinafter names Executors, the income therefrom to be paid, as follows:

After paying taxes and all other expenses of administration and Seven Hundred and Fifty Dollars ($750.00) on the first days of October and April of each year, to my said wife, which sum, I hereby give devise and bequeath to her, the balance of the income shall be paid by my hereinafter named Executors to my daughter, Mary O. Forney, her heirs and assigns.

Item. If in the opinion of my Executors, it should be to the best advantage of my estate to sell any of the real estate other than that occupied by my wife, then I

order and direct that they shall sell the same and make and execute a good deed for any of the said properties. I further authorize and empower my Executors, at the request of my said wife, to sell any real estate that she has the right to occupy under this my will and to make good and sufficient deeds for the same.

Item. I further bequeath to my said wife the sum of Five Hundred Dollars ($500.00) in personal property, to be appraised to her immediately at my death. This bequest being in lieu of the exemption allowed her by law."

Provision was also made whereby the widow had, for the term of her life or widowhood, the use and occupancy of testator's dwelling house. The executors had the right and power, upon the widow's request, to sell said real estate and pay the income therefrom to her or to repurchase a smaller home to be occupied by her during widowhood. In the latter event, the remaining proceeds of the sale were to be held in trust for the widow who was to receive the income semi-annually.

Frances E. Carmany elected to take under the will. She died testate on April 26, 1945 and by her will directed a conversion of all real estate of which she died seised. After making several minor bequests, she gave the entire residue and remainder of her estate to her brothers and sisters living at the time of her decease, appellants in appeal No. 179.

Appellants contend that (1) the trust terminated upon the death of the widow Frances E. Carmany, and (2) there being no disposition of principal his estate passed under the intestate laws as of the date of his death vesting a one-half undivided interest in the whole in the widow and daughter. Appellee contends that the gift of income to her, "her heirs and assigns", being absolute and unlimited with regard to time and amount, constituted a gift of the principal.

One who writes a will is presumed to intend to dispose of all his estate and not to die intestate as to any portion thereof: *Provident Trust Co. of Philadelphia v. Scott,* 335 Pa. 231, 6 A. 2d 814; *Duffy's Estate,* 313 Pa. 101, 169 A. 142; *Appeal of Ferry,* 102 Pa. 207; *Miller's Appeal,* 113 Pa. 459, 6 A. 715. If possible to do so, a will must be construed to avoid an intestacy; *Rapson's Estate,* 318 Pa. 587, 179 A. 436; *Boland v. Miller,* 100 Pa. 47. A construction is favored which will give effect to every word, rather than one which will render some words idle and nugatory: *Horn's Estate,* 351 Pa. 131, 40 A. 2d 471; *Dormer's Estate,* 348 Pa. 356, 35 A. 2d 299. An estate favorable in quantum and enjoyment to a natural object of a testator's bounty is to be presumed rather than one which restrains free use, alienation and enjoyment: *Crozer's Estate,* 336 Pa. 266, 9 A. 2d 535.

Testator's intention and the clear and primary purpose for which the trust was created, gathered from the language of the will and the surrounding circumstances, was to assure his widow a home for the balance of her widowhood and an annual income of $1500.00. During the continuation of the trust, whatever remained of the income was to be paid to the daughter. Upon death or remarriage of the widow, the entire net income was given "to my daughter, Mary O. Forney, her heirs and assigns". The words of the will cannot be ignored. Giving effect to them renders inescapable the conclusion that his intention was to create a trust during the lifetime of the widow or until her remarriage and to give his entire residuary estate to his daughter. Had testator intended to create an active trust to be measured by the life of the daughter, he would have evidenced such intention by the use of the words "for life", rather than by words of inheritance. That he was cognizant of the method whereby the same could have been done is shown by his limitation of the life estate to the widow. The gift of in-

come from his residuary estate to the daughter "her heirs and assigns" is an irrefutable manifestation of his intention to give an estate of inheritance and not to die intestate.

The gift to Mary O. Forney was not only accompanied by words of inheritance but also unlimited and unrestricted as regards time, amount and conditions. An absolute gift of income without limitation of time or amount is a bequest of the corpus of the fund from which said income is derived: *Thompson Trust,* 348 Pa. 228, 35 A. 2d 261; *Emmerich's Estate,* 347 Pa. 307, 32 A. 2d 400; *Bosworth's Estate,* 337 Pa. 265, 11 A. 2d 140; *Gibbons' Estate,* 317 Pa. 465, 177 A. 50; *McKinstry's Estate,* 296 Pa. 185, 145 A. 806.

Application of this rule cannot be defeated or circumvented by reliance upon the power of sale given to the executors. The obvious purpose of the power was to secure to the executors, in their capacity as trustees, control of the corpus and assure sufficient income to carry out the terms of the trust. Termination of the trust upon death of the widow ended the power. Nor do the duties of paying the "balance of the income" after payment of taxes and administration expenses prevent application of the rule effecting a gift of the principal. The active duties referred to in *Kline's Appeal,* 117 Pa. 139, 11 A. 866, must be something more than the mere collection of income, deduction of administration expenses and payment of the remainder to the beneficiary. In every instance where income is to be given to a named beneficiary, there must be implied, if not expressed, the power of the executor to collect the same, deduct therefrom his commission and other expenses of administration, and pay the balance to said beneficiary. Cf. *Bosworth's Estate,* supra; *McKinstry's Estate,* supra. The exception referred to in *Kline's Appeal,* supra, is, therefore, inapplicable.

Mary O. Forney, appellee, is the owner of the entire estate of Jacob S. Carmany. The court below properly dismissed the petition for partition.

Decree affirmed; costs to be paid by the respective appellants.

---

MR. JUSTICE ALLEN M. STEARNE, concurring in part and dissenting in part:

I do not agree that the daughter is granted a fee in the real estate here involved. On the contrary, under the plain provisions of this will, all she receives is but a life estate. An intestacy results because of testator's failure to dispose of the remainder, which passes equally to the estates of testator's widow and the daughter.

Because, in either event, partition is not proper, the court below correctly dismissed the petition, and I agree that its action in so doing should be affirmed. But I am not in accord with the declaration in the majority opinion concerning the interests of the parties in the real estate and the settlement of title.

In a will construction courts may not speculate on what a testator may have actually intended. It is an unbroken rule of long duration that *in expounding a will the question is not what testator meant but what is the meaning of his words: Ludwick's Estate,* 269 Pa. 365, 112 A. 543; *Rosengarten Estate,* 349 Pa. 32, 36 A. 2d 310; *Myers Estate,* 351 Pa. 472, 41 A. 2d 570; *Loughran's Estate,* 144 Pa. Superior Ct. 88, 18 A. 2d 676; *Tombs Estate,* 155 Pa. Superior Ct. 605, 39 A. 2d 367; *Brock Estate,* 156 Pa. Superior Ct. 616, 41 A. 2d 347.

The words of the will requiring construction are:

"Item. All the rest, residue and remainder of my estate I direct to be held in trust by my hereinafter named Executors, the income therefrom to be paid, as follows:

"After paying taxes and all other expenses of administration and Seven Hundred and Fifty Dollars ($750.00) on the first days of October and April of each

year, to my said wife, which sum, I· hereby give devise and bequeath to her, the balance of the income shall be paid by my hereinafter named Executors to my daughter, Mary O. Forney, her heirs and assigns.

"Item. If in the opinion of my Executors, it should 'be to the best advantage of my estate to sell any of the real estate other than that occupied by my wife, then I order and direct that they shall sell the same and make and execute a good deed for any of the said properties. I further authorize and empower my Executors, at the request of my said wife, to sell any real estate that she has the right to occupy under this my will and to make good and sufficient deeds for the same."

Testator therefore placed his residuary estate *in trust,* with *active duties* in his trustees, to pay out of the *net income* certain funds to his widow and only *"the balance of the income"* to his daughter. He makes no *specific* disposition of the remainder. The gift to the daughter of the balance of net income *was without limit of duration.*

It is a well established canon of will construction that a devise of the rents, issues and profits of land, in the absence of anything in the will to indicate a contrary intention, passes title to the realty itself: *France's Estate,* 75 Pa. 220; *Millard's Appeal,* 87 Pa. 457; *Beilstein v. Beilstein,* 194 Pa. 152, 45 A. 73; *Mifflin's Estate,* 232 Pa. 25, 81 A. 129; *McKinstry's Estate,* 296 Pa. 185, 145 A. 806; *Gibbons's Estate,* 317 Pa. 465, 177 A. 50; *Bosworth's Estate,* 337 Pa. 265, 11 A. 2d 140; *Emmerich Estate,* 347 Pa. 307, 32 A. 2d 400; *Thompson Trust,* 348 Pa. 228, 230, 35 A. 2d 261; *Estate of Henry Osborn,* 88 Pa. Superior Ct. 7; Hunter's Pennsylvania Orphans' Court Commonplace Book, Vol. 1, p. 380, sections 6(a), 6(b). An examination of these cases will reveal that this fundamental canon of construction is of ancient origin. As stated in Co. Litt. 4, 6, "For what is land but the profits thereof for thereby vesture, herbage, trees, mines, and all whatever parcel of the land doth pass." It is

*presumed* that a devise of the rents, issues and profits of the land, without qualification or duration of time, passes the fee.

But as with any other canon of will construction—which is after all a declaration of *presumed* intent—such presumption falls in the face of language which discloses a contrary intention. Language sufficient to overcome the presumption has been defined by this Court in the words of Chief Justice KEPHART (then Justice) in *Gibbons's Estate*, supra, at page 468: "Where (a) the gift is for a limited period; or if (b) the trustee has active duties to perform; or if (c) the will discloses anything to indicate a contrary intent." In the footnotes are cited cases which support the decision, and which need not be again cited.

Applying, then, the above general rule and its exception, to the words of the present will, it is to be observed that while the gift of income to the daughter was *not* for a limited time, but was without limit of duration, the trustees *did* have active duties to perform. They were directed to collect the *gross* income, and to pay therefrom the taxes and administration expenses, and to pay the *net* income to the widow and daughter. The trustees were invested with exclusive power to *sell the real estate.* The active duties imposed on the trustees unequivocally and conclusively rebut the presumption that the testator intended to pass a *fee* to the daughter. See *Kline's Appeal,* 117 Pa. 139, 147, 148, 11 A. 866; *Bacon's Estate,* 202 Pa. 535, 540, 52 A. 135; *Roberts v. Hensel,* 342 Pa. 314, 317, 21 A. 2d 34. See also: *Deniston v. Deniston,* 263 Pa. 224, 229, 106 A. 200; *Schuldt v. Reading Trust Co.,* 270 Pa. 360, 364, 113 A. 545; *Schuldt v. Reading Trust Co.,* 292 Pa. 327, 332, 141 A. 152.

In *Kline's Appeal,* supra, it was said: "Of course, an unqualified gift of the income of land is to be taken as a gift of the land itself; but where, as in this case, that gift is qualified by a direction to, or power in, some one else to sell, it is clear that the gift must be confined to

the income alone, for the intent to keep the two things separate and distinct is thus made manifest." In *Bacon's Estate,* supra, it was said: "It is undoubtedly true that an unqualified gift of the income of land with no remainder over is to be taken as a gift of the land itself, for so it is presumed the intent of the grantor is: . . . But where it is the manifest intent to sever the product from its source, a gift of income will not carry an estate in the principal . . . ; and where the gift is qualified by a direction to or power in some one else to sell, the gift must be confined to the income alone, for the intent to keep the two things separate and distinct is thus made manifest . . ." In *Roberts v. Hensel,* supra, where there was a bequest in trust to pay to the testator's widow the income from his real estate, but where he gave a power of sale to the trustees, it was said: "Under the decisions referred to, testator thus clearly manifested an intention not to pass an absolute estate in these properties to the widow, but only the income therefrom for life; consequently, the technical rule of construction sought to be invoked by appellants, her heirs at law, has no application."

From the foregoing analysis of the language of the will and the applicable principle of law, it is conclusive that the gift to the daughter of *net* income, *unrestricted as to time,* failed to pass the fee to her because of the active trust created. The daughter was not devised the rents, issues and profits. They were to be collected by the trustees and it was only the *net* income which passed to her. In addition, the trustees were given an absolute power of sale. As the daughter thus possessed but a *life estate* we are required to examine the words of the will to ascertain whether the testator, despite the words of the gift, *indicated a contrary intent,* and intended the daughter to take a fee.

The majority decide that an unrestricted gift of *income* followed by the words "her heirs and assigns" passes a fee. In my view this is erroneous. The words of

the will, because *of the creation of the trust,* manifestly indicate that testator intended to create an estate *for life only.* It therefore follows that the presence of words of general inheritance does not enlarge the life estate into a fee: *Ellet v. Paxson,* 2 W. & S. 418; *Coursey v. Davis,* 46 Pa. 25; *Urich's Appeal,* 86 Pa. 386; *Wolford v. Morgenthal,* 91 Pa. 30; *Criswell v. Grumbling,* 107 Pa. 408; *Hague v. Hague,* 161 Pa. 643, 29 A. 261; *Ackerman v. Ackerman,* 34 Pa. Superior Ct. 162; Restatement of Property, Vol. 1, section 108, comment (f). An additional indication that the use of the words "heirs and assigns" did not have the meaning attributed to them by the majority is evidenced in the same item of the will concerning the gift of income to the widow. No one contends that the widow possessed a fee in the corpus from which her income was derived. In her case the words were "I hereby give devise and bequeath."

The majority, in order to fortify their conclusions that testator "indicated a contrary conclusion," make this statement:

"Had testator intended to create an active trust to be measured by the life of the daughter, he would have evidenced such intention by the use of the words 'for life', rather than by words of inheritance. That he was cognizant of the method whereby the same could have been done is shown by his limitation of the life estate to the widow."

This is an inaccurate conclusion. If the exclusion of the words "for life" always indicated that testator intended a fee, there would be no basis for the many cases herein cited supporting the canon of construction and its exceptions.

Furthermore, the testator does not use the words "for life" *in the residuary clause,* as respects the widow, which clause is the only item of the will requiring construction.

True, in the second item of the will, testator does devise his home in "Mount Joy" to his widow for life

or remarriage. But the majority overlook that this property was *deeded in 1913 to testator, for life,* with remainder to testator's widow *for life,* with remainder to the executors of testator to be disposed of according to the terms of his will or under the intestate laws if he left no will. No provision of testator's will therefore granted a life estate to his widow. She already possessed that by deed.

Where *real estate* is given for life, absence of a gift over does not enlarge the estate to a fee simple: *Reynold's Estate,* 175 Pa. 257, 34 A. 624; *McCullough's Estate,* 272 Pa. 509, 116 A. 477; *Schaaf et al. v. Politowski,* 276 Pa. 31, 119 A. 748; *Rupp et al. v. Stevens et al.,* 297 Pa. 448, 147 A. 101; *Nelson v. Johnson et al.,* 354 Pa. 512, 514, 47 A. 2d 650.

I am not persuaded that no intestacy may be declared until all theories of construction fail. Judge PENROSE of the Philadelphia Orphans' Court wrote in *Wunder's Estate,* 13 Dist. Reports 197, 198: "We have no right to assume that the absence of a residuary clause was an accident". While it is true that in will construction an intestacy should be avoided there is an equally potent canon of construction that an heir should not be disinherited except by plain words or necessary implication: *Grothe's Estate,* 229 Pa. 186, 78 A. 88; *Lippincott's Estate,* 276 Pa. 283, 120 A. 136.

It may be *conjectured* that testator intended to give his daughter the balance of income for the lifetime of his widow, and then to have passed the fee to the daughter absolutely. The difficulty with such a construction is that the language of the will does not support it. Conjecture is not permitted to supply what testator has failed to indicate: *Jacob's Estate,* 343 Pa. 387, 22 A. 2d 744.

There is nothing strange or unnatural for a testator to divide equitably the net income from his estate between his widow and daughter, and by intestacy, to pass the remainder equally to the estate of his widow and

daughter—especially since the wife of testator reared the daughter since her early childhood.

While I concur in the dismissal of the partition petition, I dissent from the declaration and settlement of the title to the real estate as decided by the majority.

MR. JUSTICE LINN and MR. JUSTICE HORACE STERN join in this opinion.