Morrison Will.

Argued March 21, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

420

*Gilbert E. Long,* for appellant.

*Alvah M. Shumaker,* with him *Armand R. Cingolani,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 11, 1949:

This is an appeal from a decree of an orphans' court sustaining an appeal from the probate of a holographic will on the ground that the will was conditional and there had been a failure of condition.

The words of the instrument are: "Nov 29 Dear Frank if I never se you again I wont you to have everything I own keep this it may be of use to you some day your Father

J. H. Morrison."

It was established that the date of the will was November 29, 1919 and that "Dear Frank" was testator's son, Frank A. Morrison, the appellant. The circumstances surrounding the execution are succinctly stated by the hearing judge as follows: ". . . the testator was having grave difficulties with his wife; his only son, home from the army, had gone to North Carolina to work, the letter being written to the son in the south; his only daughter was teaching school in a town near the family home; the son did return within six months; the husband and wife separated shortly thereafter and then entered a formal agreement of separation whereby the wife, in consideration of the conveyance to her of the home, farm and contents released testator and his estate from all demands and he released her; the father

and son saw one another constantly during the twenty-seven years after the son's return."

Whether a will is conditional or not depends upon whether the event which constitutes the expressed contingency is construed to have been the *occasion* for making the will at a *particular time* or the *reason* for making it in a *particular way*. Thus: if the intent of this testator is construed to be (a) that testator desired his son to have the estate because he might never see the son again, the gift would be absolute but if (b) it was only in the event that testator should never see his son again that the son was to take, the testamentary provisions would be conditional and would fail if the parties did see each other before the death: *Morrow's Appeal,* 116 Pa. 440, 9 A. 660; *Forquer's Estate,* 216 Pa. 331, 66 A. 92; *Davis's Estate,* 275 Pa. 126, 118 A. 645; *Moore's Estate,* 332 Pa. 257, 2 A. 2d 761. And, in seeking such intent, the *test,* as in any other will construction, is not what the testator *may* have meant, but the meaning of his words: *Rosengarten Estate,* 349 Pa. 32, 36 A. 2d 310; *Myers Estate,* 351 Pa. 472, 41 A. 2d 570; *Leopold Estate,* 356 Pa. 543, 52 A. 2d 458, considered in connection with the surrounding conditions at the time of the execution of the instrument: *Postlethwaite's Appeal,* 68 Pa. 477; *McGlathery's Estate,* 311 Pa. 351, 166 A. 886; *Prime's Petition,* 335 Pa. 218, 6 A. 2d 530; *Jackson's Estate,* 337 Pa. 561, 12 A. 2d 338; *Harris Estate,* 351 Pa. 368, 41 A. 2d 715. Justice OLIVER WENDELL HOLMES, in *Eaton v. Brown,* 193 U. S. 411, said, p. 413: "The English Courts are especially and wisely careful not *to substitute a lively imagination . . ."* (italics supplied) for what testator might have said but did not. This Court has rigidly adhered to this rule: *Nebinger's Estate,* 185 Pa. 399, 39 A. 1049; *Ludwick's Estate,* 269 Pa. 365, 112 A. 543; *Jacobs' Estate,* 343 Pa. 387, 22 A. 2d 744. The principle that a construction of one will is no certain guide to the meaning of another (*Bechtel,*

*Exr., v. Fetter,* 267 Pa. 173, 111 A. 50; *Williamson's Estate,* 302 Pa. 462, 153 A. 765; *Jackson's Estate,* 337 Pa. 561, 12 A. 2d 338; *Emmerich Estate,* 347 Pa. 307, 32 A. 2d 400) has particular application in determining whether or not a will is conditional.

The *words* in the will in *Moore's Estate,* 332 Pa. 257, 2 A. 2d 761, and those in the present case are almost parallel. In *Moore's Estate,* they are ". . . *if any thing Hapins to me Before I come Home. . . .*"; in the present case they are ". . . *if I never se you again. . . .*" In *Moore's Estate,* the testatrix wrote the will in contemplation of a trip which she took to Cincinnati; she stayed three weeks, returned to her home and lived twelve years thereafter. This Court, in an unanimous opinion by Mr. Justice Linn, construed the reference to the trip as the *reason* for making the will at that time, and held the bequests to be absolute. Construing the *words* in the present case, it is clear that the possibility of never seeing the son again was the *reason* for making the will at that time. The words "keep this it may be of use to you some day" would negative any presumed intention that testator intended the gift to fail if he should see his son again. Under the facts and principles stated in *Moore's Estate,* supra, such construction must prevail unless the meaning of the words was modified by the *proven* conditions surrounding the testator.

The learned hearing judge decided that the meaning of the words *had* been modified by the circumstances. He decided that there was a presumption that testator desired equality; that appellant, the son, "was clearly on the father's side"; whereas, perhaps the deceased daughter "took her mother's part and the testator struck out indiscriminately against wife and daughter, not knowing the protection given by the law to a man's widow"; and that "For all that appears [the daughter] was . . . dutiful and loving. . . ." The court further decided that the will was intended to be "conditional and

temporary" because (a) of the son's absence (b) of the provision against testator's death before he saw his son again (c) of the change in marital status due to separation from his wife. All of these findings, however, are not in the evidence but are the result of reasoning, deductions and inference, based upon conjecture. Testator may have provided for his daughter, as well as for his wife, upon the separation. But such a surmise would, of course, be as the others, a matter of *conjecture*.

As we are unanimously of opinion that the contingency expressed was the *occasion* for making the will, its provisions are absolute, and it is entitled to probate.

The decree is reversed and the appeal from probate dismissed. Costs to be paid out of the estate.