## Towne Estate

376

Before Klein, P. J., Bolger , Hunter, Lefever, Saylor and Shoyer, JJ.

378

382

*Irwin N. Rosenzweig* and *Franklin G. Banks*, for exceptants.

*Philip R. Hepburn*, contra.

SAYLOR, J., May 1, 1953.—Exceptions to the adjudication of Judge Lefever were filed by the trustees under the will of Louis dePui Vail, deceased, the donee's deceased husband, and by Dorothy Brown Eastman. No exceptions were filed by the other claimants to the principal, and the exceptions of Mrs. Eastman were withdrawn subsequent to the oral argument. Therefore the only exceptant is the Louis dePui Vail Estate.

The issue before us is whether the rule of Carmany Estate, 357 Pa. 296 (1947), that an absolute gift of income without limitation of time or amount constitutes a gift of the principal from which the income is derived, applies to the exercise of a power of appointment by the donee of such a power or is limited to property owned absolutely by testator.

The facts and relevant law are aptly stated in the adjudication of Judge Lefever.

We all agree that the rule in Carmany Estate, supra, applies to the exercise of a power of appointment and that the qualifications and limitations of the rule as defined in Gibbon's Estate, 317 Pa. 465 (1935), are not applicable to the instant case.

In Penrose's Estate, 317 Pa. 444 (1935) the decision of this court, reported in 21 D. & C. 514 (1935), was affirmed by the Supreme Court which, on the same day, filed its opinion in Gibbons's Estate, supra, in which it stated the limitations to the rule for implying a gift of principal from a gift of income. Penrose's Estate is therefore to be regarded as being consistent with those limitations. If the facts in the instant case are analogous to those in Penrose's Estate it necessarily follows that the limitations stated in Gibbons's Estate are satisfied.

In Penrose's Estate:

1. The rule of implying a gift of principal from a gift of income was applied to an appointive gift of income;

2. The appointment was made of net and not gross income;

3. The appointment of income was made for the "natural life" of the appointee; and

4. The appointment was subject to a spendthrift trust clause.

In the instant case the donee gave "income" and not "net income" as in Penrose's Estate. If the word "net" were added by interpretation to the fifth paragraph of Mrs. Vail's will the pending case would come within the facts in Penrose's Estate. Carmany Estate, supra, and Lowitz Estate, 360 Pa. 91 (1948), are authority that the existence of a power to deduct administrative expenses before paying income to a beneficiary does not prevent the application of the rule of construction under consideration.

With respect to the third point in Penrose's Estate, the advocates of an implied gift in the instant case are on even stronger ground, for here the children were appointed "the share of the income, his her or their parent would take, if living." There is no time limitation as in Penrose's Estate to the natural lives of the children.

As to the fourth point, we have no spendthrift clause as there was in Penrose's Estate. Its absence furnishes an additional reason for holding that the recipient of the income was intended to receive the principal as well.

We find, accordingly, that Penrose's Estate is apposite to the instant case.

In view of (1) the foregoing authorities; (2) the presumption against intestacy, and (3) the clear declaration by the donee of her intention to exercise the

power of appointment in her father's will, we conclude that the learned auditing judge properly decided the matters in controversy.

The exceptions are dismissed and the adjudication is confirmed absolutely.