## Braden Estate

574

*Robert K. Duffy*, for accountant.

*Elmer L. Menges*, for Charles M. Bond, Clara R. Bond and Amy Bond, claimants.

TAXIS, P. J., May 28, 1962.—The first and final account of Warren B. Lambert, executor, was examined and audited by the court on April 2, 1962. . .

Decedent died August 28, 1959, leaving a holographic will dated March 20, 1959, reading as follows:

"To whom it may concern:

"I, Oliver Clifton Braden, residing at the above address, and being in my right mind and in possession of all my facilities, do appoint Warren B. Lambert, now residing at no. 2320 Kendall Avenue, Madison, Wisconsin, to administer my estate in the event of my death, to have full authority to sign any necessary papers, such as my Bank and Saving Fund accounts, Federal Saving Fund (Crusader) etc. Also to act in the sale of Real Estate and Furnishings, as well as personal belongings. To acquire any stocks I may hold such as A. T. and T. and Madison Fund. Lot no. 210 Valley View Section, Westminster Cemetery is to be at his use for interment of him and his wife if so desired. My burial is to be in this lot. Unless at a later time I make another statement, this is to be my last will and testament."

The question presented is whether the terms of the instrument probated make any disposition of all or part of the estate.

The intestate heirs argue that there are no dispositive provisions in the probated document. They contend that the first paragraph of decedent's will is concerned only with the appointment and powers of the personal representative.

The accountant argues that unless the provisions following the appointment of Warren B. Lambert as personal representative are considered dispositive, they are meaningless, since the personal representative would have the designated powers without express authorization. This argument is not convincing because it is not unusual to expressly enumerate the powers of a personal representative even to the extent of powers conferred by law.

The accountant also argues that the reference to Warren B. Lambert and the absence of reference to any other person indicates an intention that Warren B. Lambert was the only person decedent had in mind when the document was executed.

It is true that there is some indication that decedent intended Warren B. Lambert to benefit from his estate. Furthermore, the presumption favors a construction to avoid intestacy: Carmany Estate, 357 Pa. 296.

However, insofar as decedent uses language such as "to administer my estate", "to have full authority to sign any necessary papers" and "to act in the sale of Real Estate and Furnishings, as well as personal belongings", he indicates only an intention to appoint a personal representative and designate his powers. These words cannot be considered as words of gift.

The language "to acquire any stocks I may hold, such as A. T. and T. and Madison Fund" is more in the nature of a gift. The word acquire means "to come into possession, control or power of disposal of, often by some uncertain or unspecified means": Webster's Third New International Dictionary.

It should be noted that decedent did not use the word "also" in beginning the last sentence of the first paragraph. This is some indication that decedent intended a new thought even though the sentence itself is contained in the same paragraph as the appointment and powers of the personal representative.

It is unlikely that decedent did not intend any disposition in favor of Mr. Lambert and, in accordance with the presumption against intestacy the word "acquire" should be interpreted as a word of gift in the present circumstances.

Therefore, the 30 shares of A. T. & T. Co. stock and the 25 shares of Madison Fund are awarded to Warren B. Lambert. The net ascertained balance of cash for distribution is awarded to the intestate heirs of the decedent as shown in paragraph 3 of the petition for adjudication. . .

And now, May 28, 1962, this adjudication is confirmed nisi.